HUNTON *v.* EUPER.

| 63   323|
| 83    22|

Opinion delivered December 19, 1896.

VACATING JUDGMENT—JURISDICTION—DOCKET.—The fact that an action to vacate a judgment at law, under Sand. & H. Dig., § 4197, was placed on the chancery instead of the law docket is immaterial.

SAME—UNAVOIDABLE CASUALTY.—A judgment by default may be set aside where the defendant therein was not served with summons, under Sand. & H. Dig., § 4197, subdiv. 7, authorizing the vacation of a judgment for "unavoidable casualty or misfortune preventing the party from appearing or defending."

SAME—PRACTICE.—In an action at law to vacate a default judgment on the law docket for failure to serve defendant with notice, the judgment should be set aside and a new trial ordered, instead of making perpetual a temporary injunction restraining the execution of the judgment.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

STATEMENT BY THE COURT.

Appellants recovered a judgment against the appellee by default.

After the lapse of the term at which the judgment was rendered, the appellee filed his complaint at law, under section 4197, Sandels & Hill's Digest, to set aside said judgment upon the ground that the same was rendered without any summons or notice having been served upon the appellee. The complaint prayed for a temporary restraining order to prevent the execution of the judgment till the hearing, which was granted.

Upon the hearing it appeared that a summons was issued on the original suit, and that a return upon it stated that it had been served upon the defendant,

Euper, by delivering to him a copy. It appeared that this service was made by a negro boy 17 or 18 years of age, who, being sworn, testified that he did not know Euper; that he supposed the paper he handed to a man he supposed to be Euper was an account. The evidence by this boy tended to show that the summons, or what is supposed to have been the summons, was handed to him by an attorney for the plaintiff in the action with directions to give it to the defendant, Euper; that he handed the same to a man, pointed out to him as Euper, as he was going up the steps of the railway car to leave Fort Smith; that he did not know Euper, the defendant in that action; and that he did not see the face of the man to whom he gave the paper. Euper swore positively that he had never been handed a summons in the case, by the boy, and that he had never been served with process in the case, and that he knew nothing of the judgment until long after the term of the court had elapsed at which it was rendered, when a writ of garnishment in the case was served upon his son.

*Thos. E. Ward* for appellant; *Jo. Johnson* of counsel.

No affidavit for injunction was filed, as required by sec. 3798, Sand. & H. Dig. This is jurisdictional, and was not waived by answer nor cured by judgment. *Ib.* secs. 5729, 3759. There was no allegation that plaintiff was without remedy at law. 58 Ark. 314. To entitle one to injunction against a judgment at law, it must be shown, not only that the judgment is unjust, but that plaintiff has not been guilty of fault or negligence. High on Inj. secs. 85, 86, 99, 126, 165; 1 Ark. 31; *ib.* 186; 5 *id.* 501; 6 *id.* 79; *ib.* 317; 14 *id.* 360; 42 *id.* 560. A court of equity may enjoin a judgment at law in a proper case, upon timely application. But if a court of law has concurrent jurisdiction, and a complainant elects to go there for relief, he is bound by its action, and cannot afterwards

go into equity.  57 Ark. 500; 6 *id.* 80; *ib.* 318; 9 *id.* 535; 14 *id.* 360; 33 *id.* 786.  A defense must be shown.  50 Ark. 458.  It must be a *meritorious* defense. The plea of limitation is not a *meritorious* defense.  10 Ark. 428.  See also 35 Ark. 123; 40 *id.* 338; 48 *id.* 535; 50 *id.* 341; 51 *id.* 341.

*W. M. Cravens* for appellee.

This is a statutory proceeding, and the only remedy left open.  Sand. & H. Dig., secs. 4197, 4200.  The service in this case, if any, was obtained by fraud.  54 Ark. 539; Sand. & H. Dig., sec. 4197.  No affidavit, under sec. 3978, was required, as this is not a regular bill in equity to set aside a judgment, but a statutory proceeding under secs. 4197, 4202, *ib.*  All that is requisite is to show a *valid* defense.  Sec. 4200.  A plea of the statute of limitations is a *valid* defense.  The finding of a trial court is as conclusive as the verdict of a jury.  55 Ark. 331; 53 *id.* 75; 54 *id.* 229.  In chancery the finding is only persuasive.  55 Ark. 112; 41 *id.* 294; 23 *id.* 341.

HUGHES, J., (after stating the facts.)  The fact that the complaint was put on the chancery instead of upon the law docket can make no difference.  The court had jurisdiction of the action at law.  *(Jurisdiction to vacate judgment at law.)*

This action was brought under section 4197, Sandels & Hill's Digest, which provides that : "The court in which a judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate or modify such judgment or order. * * * *Fourth.*  For fraud practiced by the successful party in the judgment or order. * * * *Seventh.*  For unavoidable casualty or misfortune preventing the party from appearing or defending."  *(Unavoidable casualty.)*

Considering that it does not appear that the judgment was obtained by fraud practiced by the successful

party, the court is of opinion that in this case the defendant was prevented, without any fault upon his part, from appearing or making his defense to the action, and that his case comes fairly within the spirit of the seventh subdivision of section 4197, Sandels & Hill's Digest. It is also the opinion of the court that the appellee showed a valid defense at law to the action in which the judgment was rendered against him, as provided by section 4200, Sandels & Hill's Digest, and that the evidence tends to support the court's finding of facts.

Practice as to injunction.

Though the case was treated as a case in equity, it is in fact a case at law, and, instead of making the temporary injunction perpetual, the circuit court should have set aside the judgment, and granted a new trial.

Reversed and remanded with directions that the judgment be modified as indicated.

Wood, J., dissents.