DALHOFF CONSTRUCTION COMPANY *v.* ADAMS.

Opinion delivered June 17, 1905.

GARNISHMENT—LIABILITY.—A garnishee, having no funds in its hands belonging to the principal debtor, cannot be held liable for his debts.

Appeal from Hot Spring Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Reversed.

Adams obtained judgment against Gibbs on a claim of $345.99, and instituted garnishment proceedings against the Dalhoff Construction Company, alleging that Gibbs had a contract under it to construct one and one-third miles of railroad, and that plaintiff furnished supplies for his laborers and for his teams.

The evidence showed that the garnishee sublet six miles of work, which it had undertaken, to Kimball, who sublet same to Ford, who sublet one and one-third miles thereof to Gibbs.

The garnishee requested the court to give to the jury the following instruction:

"1.   The jury are instructed that there is no testimony in this case to justify a verdict for the plaintiff, and they will therefore find for the garnishee."

The court refused to instruct as requested, but instructed as follows:

"4.   The jury are instructed that if they find from the evidence that Gibbs was a subcontractor under Ford, and that there was no contractual relationship existing between him and the Dalhoff Construction Company, they will find for the defendant; *but if the jury find from the evidence, that Gibbs was not in fact a subcontractor under Ford, but a subcontractor under the Dalhoff Construction Company, and that Ford was not a subcontractor, but was merely an agent of the Dalhoff Construction Company, and you further find that the Dalhoff Construction Company owed Gibbs, at the time of the service of the writ of garnishment herein, an amount over and above prior liens, you will find for the plaintiff.*

Verdict was rendered against the garnishee, which was appealed.

*H. F. Auten,* for appellant.·

No judgment was taken in the original case against W. T. Gibbs; consequently no judgment could be taken against the garnishee.   66 Ark. 616; 70 Ark. 127.

*E. H. Vance* and *Andrew I. Roland,* for appellee.

The garnishment was properly issued, and judgment taken. Kirby's Dig. § 3694.

WOOD, J.   The undisputed testimony shows that Gibbs was a subcontractor under Ford; that the Dalhoff Construction Company had no contract with him.   The uncontroverted proof also shows

that the Dalhoff Construction Company had no money in its hands belonging to Gibbs at the time the writ of garnishment was served on it. True, appellee's witnesses testify that they heard Dalhoff say "that Gibbs got scared and run off before he was hurt; that there was $550 coming to him." But Dalhoff did not say that his company was owing Gibbs any money, or that any money was coming to Gibbs from his company. Nor does the language warrant such an inference, in view of the positive proof, undisputed, that whatever was due from the Dalhoff Construction Company under its contract was due to Ford, and not to Gibbs; that Gibbs left some claims of laborers unpaid, which were liens upon the work, and which Ford had to pay off, and that it not only consumed all the money going to Gibbs on the contract, but that the Dalhoff Construction Company was compelled to advance Ford more money than was due him on the contract to pay the balance of these liens, and is still owing part of this balance.

In view of this proof we are of the opinion that the court erred in not giving instruction number one. The majority of the judges are also of the opinion that there was no evidence to justify the court in submitting to the jury the question as to whether or not Ford was the agent of the Dalhoff Construction Company, and that the court erred in doing so.

For the error indicated the judgment is reversed, and the cause is remanded for new trial.