Employers Mutual Casualty Co. *v.* Buckner.

5-2391                                    345 S. W. 2d 924

Opinion delivered May 8, 1961.

*Gannaway & Gannaway,* for appellant.

*Long & Nemec, Howell, Price & Worsham,* for appellee.

George Rose Smith, J.   This action was brought by the appellee to recover $657.97 upon an automobile insurance policy, together with penalty and attorney's fee.  The appellant, as the defendant below, failed to file a pleading within the time allowed, and a default judgment was entered against it.  Thereafter the appellant appeared specially for the purpose of filing two successive motions to quash the service of process.  This appeal is from the court's denial of those motions.

The first motion alleges that the proper venue is in Prairie county, where the plaintiff resides, rather than in Pulaski county.  The second motion alleges that the attempted service of process pursuant to § 61 of the Insurance Code of 1959 was incomplete and invalid in that the Insurance Commissioner mailed the process to the appellant at its home office in Iowa by airmail rather than by certified or registered mail, as the statute requires.  Ark. Stats. 1947, § 66-2219.

We do not reach the point of considering either motion upon its merits, for it is evident that the appellant is pursuing a course that cannot afford it any effec-

tive relief. After the entry of a default judgment the defendant's attack should be directed against the judgment rather than against the service of process. *Files* v. *Robinson & Co.,* 30 Ark. 487, 495. Although a judgment may be set aside for unavoidable casualty upon a showing that the defendant was not served with process, the defendant must also show that he did not know of the proceeding against him and that he has a meritorious defense. *Hunton* v. *Euper,* 63 Ark. 323, 38 S. W. 517; *Blanton Co.* v. *First Nat. Bank,* 175 Ark. 1107, 1 S. W. 2d 558; *O'Neal* v. *B. F. Goodrich Rubber Co.,* 204 Ark. 371, 162 S. W. 2d 52. In the case at bar the appellant has not alleged and has not proved either that it did not know of this proceeding or that it has a defense. An order merely setting aside the service of process would accomplish nothing, for the appellant would still be subject to liability upon the judgment.

Affirmed.