Dwane EDMONSON *v.* G. L. FARRIS

77-363                                      565 S.W. 2d 617

Opinion delivered May 22, 1978
(In Banc)

*Thomas D. Ledbetter,* of *Ledbetter & Associates, Ltd.,* for appellant.

*Joe D. Villines, Jr.,* for appellee.

FRANK HOLT, Justice. Appellee sought to recover $1,-303.60 as unaccounted funds from appellant, his former employee. Summons was issued against appellant pursuant to Ark. Stat. Ann. § 27-330 (Repl. 1962). The return recited personal service upon appellant. On the trial date appellant did not appear, and the court entered a default judgment for the amount sought in the complaint. An execution on the judgment was returned *non est.* Subsequently, appellant moved the court to set aside the default judgment on the ground, *inter alia,* of defective service of process. The trial court denied the motion after an evidentiary hearing. However, the court held that appellant would be allowed to file a counterclaim and cross-complaint as a setoff to appellee's default judgment. We first consider appellant's contention that the court erred in failing to vacate the default judgment because it was based upon an invalid service of process.

Ark. Stat. Ann. § 29-107 (Repl. 1962), in pertinent part, provides that "[a]ll judgments" rendered by any court

against any person "without notice, actual or constructive, and all proceedings" thereon "shall be absolutely null and void." See, also, *Halliman* v. *Stiles,* 250 Ark. 249, 464 S.W. 2d 573 (1972). In regard to notice, § 27-330 provides:

> The service shall be:
> First. By delivering to the defendant a copy of the summons; or
> Second. If he refuses to receive it, by offering a copy thereof to him; or
> Third. By leaving a copy of such summons at the usual place of abode of the defendant, with some person who is a member of his family over the age of fifteen years.

A failure to comply with § 27-330 renders any attempted service void. *Booker* v. *Greenville Gravel Co.,* 249 Ark. 330, 459 S.W. 2d 408 (1970). Here the court denied the motion to set aside the default judgment on the basis that appellant failed to meet his burden of proving the summons was not validly served upon him.

Appellant's father testified that the sheriff called him on the phone and told him he had a subpoena for his son. He told the sheriff that his son, a long distance truck driver, was not home and he did not know where his son was but he would be back in town the next week. Appellant's wife testified that she picked up the papers at the sheriff's office. At that time, appellant was away from home looking for a job and out of the county. The deputy sheriff, who was on duty the day the papers were served, testified that he did not remember serving the papers on appellant's wife. However, since his signature was on the return, "I am bound to have given her the papers." He admitted that, although the return recites appellant was personally served by him, that was not correct. He "possibly served them [on appellant's wife] at the jail." He stated he had not served any papers in the town where appellant resided. The sheriff testified that it was the custom of his office not to give such papers to family members at the office because "this is not good service."

The court observed that the service upon a member of appellant's household, his wife, at the jail rather than at the place of abode was a technical distinction and, therefore, the

service was valid. We have held that statutory service requirements, being in derogation of common law rights, must be strictly construed and exactly complied with. *Jenkins* v. *Hill,* 240 Ark. 197, 398 S.W. 2d 679 (1966). Here we are of the view that the undisputed proof clearly shows that the deputy failed to sufficiently comply with the mandatory provisions of § 27-330 in attempting service of process. *Booker* v. *Greenville Gravel Co., supra.* In the case at bar, the attempted service being invalid, the judgment was void *ab initio. Halliman* v. *Stiles, supra.* That being true, a showing of a meritorious defense or other just cause by a compliance with Ark. Stat. Ann. §§ 29-506, 508 and 509 (Repl. 1962), as asserted by appellant, was unnecessary.

Appellant also contends that the trial judge erred in not disqualifying himself in the proceeding since his son is the lawyer representing the appellee. In support of his argument, appellant cites our recently approved Code of Judicial Conduct and argues that Canon 2 and 3 would require the judge to disqualify himself on his own motion or *sua sponte.*[1] Appellee responds that, in the absence of any objection, as here, the asserted error was waived inasmuch as it is raised for the first time on appeal. *Pettigrew et al* v. *Washington County,* 43 Ark. 33 (1884); *Washington Fire Ins. Co.* v. *Hogan,* 139 Ark. 130, 213 S.W. 7 (1919); *Nowlin* v. *Kreis,* 213 Ark. 1027, 214 S.W. 2d 221 (1948); and *Carr* v. *City of El Dorado,* 217 Ark. 423, 230 S.W. 2d 485 (1950). Here, we are confident the trial judge would have quickly disqualified himself had he been so requested by appellant. We reverse only on the invalid service of process. However, because the problem is a recurring one that judges, including the members of this Court, are subject to, we give the following caveat.

Canon 3C of the Code of Judicial Conduct provides:

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: . . .
   (d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: . . .

---

[1]The State Judicial Council unanimously approved and recommended we adopt the Code of Judicial Conduct.

(ii) is acting as a lawyer in the proceeding;

The commentary of the Special Committee on Standards of Judicial Conduct, American Bar Association, provides:

> The fact that a lawyer in a proceeding is affiliated with a law firm with which a lawyer-relative of the judge is affiliated does not of itself disqualify the judge. Under appropriate circumstances, the fact that his impartiality might reasonably be questioned under Canon 3C (1), or that the lawyer-relative is known by the judge to have an interest in the law firm that could be 'substantially affected by the outcome of the proceeding' under Canon 3 (1) (d) (iii) may require his disqualification.

We are aware that in areas of this state good judges have sat in cases when the trial lawyer is related to the judge within the definition of the Code. In fact in some of those areas, it would be almost impossible for litigants to get a speedy disposition of their cases unless some understandable arrangement is worked out among the lawyer-relative of the judge and the party litigant. The Code of Judicial Conduct recognized this problem and provided a remedy. Canon 3D provides:

> A judge disqualified by the terms of Canon 3C (1) (c) or Canon 3C (1) (d) may, instead of withdrawing from the proceeding, disclose on the record the basis of his disqualification. If, based on such disclosure, the parties and lawyers, independently of the judge's participation, all agree in writing that the judge's relationship is immaterial or that his financial interest is insubstantial, the judge is no longer disqualified, and may participate in the proceeding. The agreement, signed by all parties and lawyers, shall be incorporated in the record of the proceeding.

As pointed out in the commentary following Canon 3D, this procedure is designed to minimize the chance that a party or lawyer will feel coerced into an agreement. The commentary also states that when a party is not immediately available, the judge without violating this section may proceed on the

written assurance of the lawyer that his party's consent will be subsequently filed. In cases arising in the trial court after this date, we construe our rule to require the judge to note his disqualification without any request by a trial lawyer.

The default judgment being void because of invalid service of process, the order denying appellant's motion to set it aside is reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.