Douglas Orvel WHITE and his wife *v.*
Bill RAY d/b/a RAY'S BUILDING CONTRACTOR

79-240                                    589 S.W. 2d 28

Opinion delivered November 13, 1979
(In Banc)

*Charles G. Vaccaro,* for appellants.

*Joe H. Hardegree,* for appellee.

GEORGE ROSE SMITH, Justice. This is an appeal from the chancellor's refusal to set aside a default judgment for want of valid service of process upon the appellant-defendants.

On July 13, 1978, the appellee Ray, a building contractor, sued the appellants, residents of California, to recover a

$2,246.77 balance due under a contract by which Ray had made improvements to the appellant's property in Montgomery County. Service of process was attempted under Ark. Stat. Ann. § 27-339.1 (Repl. 1979), which requires the Secretary of State to send notice to the nonresident defendant by registered mail. Here the service upon the appellants was defective, because the return receipt from California indicated that the registered letter was being returned undelivered as "unclaimed." Nevertheless, the appelee, on the basis of an affidavit suggesting that the appellants had in fact refused to receive the letter, obtained a default judgment on December 22.

On January 22, 1979, the appellants filed an unverified motion to set aside the decree, citing Ark. Stat. Ann. §§ 29-501, 29-506(7), and 27-1901 (Repl. 1962). The motion alleged that the defendants had been prevented by unavoidable casualty or misfortune from appearing and defending the action. It also alleged that the service of process was invalid, that the defendants had no knowledge that the suit was pending until after the entry of the decree, and that they had a meritorious defense. After a hearing the chancellor denied the motion.

We cannot say, on the record made below, that the chancellor was wrong. The defendants expressly based their motion to vacate on Section 29-506(7), which provides for the vacation of a judgment for unavoidable casualty or misfortune. Section 29-509 requires that a meritorious defense be shown. (Both sections have, in substance, been incorporated in Rule 60, ARCP.) We have consistently held that a defendant seeking relief under these statutes must show that he did not know of the proceeding against him and that he has a meritorious defense. *Renault Central* v. *International Imports of Fayetteville,* 266 Ark. 155, 583 S.W. 2d 10 (1979); *Employers Mut. Cas. Co.* v. *Buckner,* 233 Ark. 564, 345 S.W. 2d 924 (1961).

Here the defendants offered no evidence at the hearing on their motion, electing to rely upon the pleadings and the record of the attempted service. A mere allegation of a meritorious defense, without proof, is insufficient. *Merriott*

v. *Kilgore,* 200 Ark. 394, 139 S.W. 2d 387 (1940). The same thing may be said of an allegation that the defendants had no knowledge that the suit was pending. The plaintiff's proof indicated that defendants had actual knowledge of the suit several months before the default judgment was entered. Hence the chancellor was justified in denying the motion to vacate.

The appellants, in their brief in this court, assert that the default judgment was absolutely void, citing Ark. Stat. Ann. § 29-107 and *Edmonson* v. *Farris,* 263 Ark. 505, 565 S.W. 2d 617 (1978). That statute declares that a judgment entered "without notice, actual or constructive," is absolutely null and void. We so held in *Edmonson,* adding that proof of a meritorious defense is unnecessary. But, first, that statute has to do with a judgment entered without any notice whatever. That showing was not made in the case at bar. Second, in *Edmonson* we cited *Halliman* v. *Stiles,* 250 Ark. 249, 464 S.W. 2d 573 (1971), where we pointed out that the defendant relied not only on Section 29-506 but also on Section 29-107. Here Section 29-107 was not referred to in the motion to vacate nor in the three trial briefs submitted by counsel then representing the defendants. Thus the attack was on the validity of the service, not upon the judgment itself. The difference is that under Section 29-506 the defaulting defendant seeks a trial, so that he can present his defense. Under Section 29-107 he does not seek a trial, but asks that the judgment be declared void. Here the appellants chose to proceed under Section 29-506, but their proof is insufficient.

Affirmed.

HARRIS, C.J., not participating.