J. E. POUNDERS and Susan POUNDERS *v.*
CHICKEN COUNTRY, INC. Randy DODD and CITY
BUSINESS MACHINES, INC.

CA 81-127                                    624 S.W. 2d 445

Court of Appeals of Arkansas
Opinion delivered November 25, 1981

*Henry J. Osterloh,* for appellants.

*Rose Law Firm,* by: *Thomas P. Thrash,* for appellees.

DONALD L. CORBIN, Judge. On January 25, 1980, a default judgment was entered against Randy Dodd, an employee of appellee City Business Machines, Inc., a corporation (hereafter CBM), in the sum of $5,230.00 plus court costs. On February 25, 1980, the Circuit Clerk of Pulaski County, Arkansas, issued a writ of garnishment in the foregoing case naming City Business Machines, Inc. as garnishee.

The writ of garnishment directed to CBM was served on Thomas Gay, office manager, at the office of the corporation in Little Rock, Arkansas. Thomas Gay was not an officer or the designated agent for process of CBM.

CBM failed to answer the writ within the required period and a default judgment was entered against it. CBM filed a motion seeking to have the default judgment set aside for lack of personal jurisdiction under Rule 55 (c) and Rule 60 of the Arkansas Rules of Civil Procedure.

The trial court held that the service of process did not comply with the statutory requirements and therefore the court did not have jurisdiction of the garnishee and the default judgment was set aside. We affirm.

At trial, Kenneth Golden, president of CBM and registered agent for process, testified that according to his calendar he was in Little Rock on February 28, 1980, the day the writ was served, and he felt sure he was available on that date for service. He further testified that he had no knowledge of the writ, nor to his knowledge did any of the other officers of CBM, until the default judgment was received.

Don Tiner, the Deputy Sheriff of the Pulaski County Sheriff's Department who served the writ of garnishment, testified at trial that when he served a writ of garnishment on a business, the agent for service was normally on the writ; but if the agent for service was not given, he asked for the office manager or another officer of the company. Officer Tiner testified that he did not ask specifically for the president or vice-president of CBM on the day he served the writ. He did not know who the registered agent for process was when he served the writ or whether the president or registered agent for process was available to be served. The return of process on the writ did not show that the president of the corporation was unavailable.

Appellants, J. E. Pounders and Susan Pounders, argue before this court that the trial court erred in setting aside the default judgment because the writ of garnishment was properly served on the appellee and the appellee failed to show a meritorious defense to the default judgment. It is clear that the service of the writ of garnishment was improper and the default judgment obtained therefrom was invalid and void for lack of personal jurisdiction.

The Arkansas Supreme Court in *Nutrena Mills, Inc.* v. *Parsons Feed and Farm Supply, Inc.*, 234 Ark. 1058, 356 S.W. 2d 421 (1962), held that service of a writ of garnishment on someone other than the president of the corporation, where the return of the service of process did not show that the president of the corporation was unavailable, was improper and the default judgment obtained therein was void for lack of personal jurisdiction. The court specifically stated:

> The governing statute [Ark. Stat. Ann. § 27-346] requires that the service be had upon the president of the corporation or, in his absence, upon certain other officers, but there is no authority for serving a vice president not in control of the business. Ark. Stat. 1947, § 27-346. The return did not recite, and the evidence does not show, that the president of the corporation was unavailable. The purported service was therefore void. *Ark. Coal, Gas, etc.* v. *Haley*, 62 Ark. 144, 34 S.W.

545; *Brick* v. *Sovereign Grand Lodge,* 196 Ark. 372, 117 S.W. 2d 1060.

Service of process of a writ of garnishment or summons upon a corporation is governed by Ark. Stat. Ann. § 27-346 (Repl. 1979), which provides:

> *Service on corporation.* — When the defendant is a corporation, created by the laws of this State, the service of the summons may be upon the president, mayor or chairman of the board of trustees, and in the case of the absence of the above officers, then it may be served upon the cashier, treasurer, secretary, clerk or agent of such corporation. . . .

Appellants' contention that the appellee must show a defense to the action is contrary to the constitutional requirement for the establishment of personal jurisdiction in order to adjudicate or exercise judicial power over the parties. In *Halliman* v. *Stiles,* 250 Ark. 249, 464 S.W. 2d 573 (1971), the lower court denied a motion to set aside a default judgment for insufficient service of process because the defendant had failed to show a meritorious defense. The Arkansas Supreme Court, in overruling the lower court, held that a showing of a meritorious defense was unnecessary in support of a motion to set aside a default judgment where the judgment was void for lack of personal jurisdiction. See also *Edmonson* v. *Farris,* 263 Ark. 505, 565 S.W. 2d 617 (1978).

In the present case, the appellee, upon discovery that a writ of garnishment had been issued and a default judgment obtained thereon, filed its motion to set aside the default judgment for lack of personal jurisdiction. Appellee asked the trial court to declare the judgment void. See *White* v. *Ray,* 267 Ark. 83, 589 S.W. 2d 28 (1979). The undisputed proof clearly shows that the deputy sheriff failed to comply with the statutory service requirements of Ark. Stat. Ann. § 27-346 (Repl. 1979). Therefore the lower court was without personal jurisdiction and the default judgment was void. This being true, a showing of a meritorious defense was not necessary.

224

Affirmed.

MAYFIELD, C.J., dissents.

MELVIN MAYFIELD, Chief Judge, dissenting. The motion to set aside the judgment in this case was based upon Rule 55 (c) and Rule 60 of the Arkansas Rules of Civil Procedure. It was not based upon Ark. Stat. Ann. § 29-107 (Repl. 1979) and that statute was not even mentioned in the motion. No meritorious defense was suggested either in the motion or the hearing before the court. It is admitted that the office manager of City Business Machines, Inc., had actual notice of the service of summons. Under the authority of *White* v. *Ray*, 267 Ark. 83, 589 S.W. 2d 28 (1979), the judgment should not have been set aside.

I would reverse.