Bobby TUCKER *v.* William Reed JOHNSON

81-121                                    628 S.W. 2d 281

Supreme Court of Arkansas
Opinion delivered February 1, 1982
[Rehearing denied March 8, 1982.*]

*ADKISSON, C.J., would grant the petition; HOLT, J., not participating.

*Spencer, Spencer & Shepherd, P.A.,* for appellant.

*Donald Frazier,* for appellee.

JOHN P. GILL, Special Justice. This is an appeal from Union Circuit Court from an order denying a motion to set aside a default judgment due to defective summons. We reverse because the summons does not conform to Rule 4 (b), ARCP.

Appellee Johnson filed a complaint against appellant-defendant Tucker alleging negligence in the repair of an airplane resulting in a crash thereof. On March 12, 1980 a summons was issued by the Circuit Clerk for the Union Circuit Court. The summons and complaint were served upon appellant the following day, and on March 22, 1980 the appellant mailed a letter to the appellee-plaintiff's lawyer acknowledging the crash and in effect denying liability therefor. No pleading was filed by defendant-appellant in the Circuit Court and on June 25, 1980 appellee obtained a default judgment against appellant. Within 90 days, as required by Rule 60 (b), ARCP, appellee filed a timely motion to set aside the default judgment, and after hearing thereon, the motion was denied; this appeal followed.

The summons in question reads as follows:

IN THE CIRCUIT COURT OF
UNION COUNTY, ARKANSAS

No. CIV 80-90            Second Division

William Reed Johnson      PLAINTIFF

v.                          SUMMONS

Bobby Tucker           DEFENDANT

THE STATE OF ARKANSAS, To the Sheriff of Union County, Arkansas, Greetings:

YOU ARE COMMANDED TO SUMMONS Bobby Tucker, 100 W. Sharp Street, El Dorado, Arkansas.

to answer in twenty days after the service of this summons upon him a complaint filed against him in the CIRCUIT COURT OF UNION COUNTY, ARKANSAS, Second Division thereof, and warn him that upon his failure to answer said complaint that same will be taken for confessed; and you will make due return of this summons on the first day that said Court is in session after twenty days after the date of the issuance hereof.

Witness my hand and seal of said Court, this 12th day of March, 1980.

Lorene Flenniken, Clerk
By Irene Lipsey, D.C. (sig.)

Nine months before the summons was issued, this Court adopted Rule 4 (b), ARCP which sets forth mandatory criteria for a valid summons as follows:

(b) Form: The summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the Court; contain the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any; otherwise the address of the plaintiff; and the time within which these rules require the defendant to appear, file a

pleading, and defend and shall notify him that in case of his failure to do so, judgment by default will be entered against him for the relief demanded in the complaint.

The summons in the case at bar is defective because: (1) it is not directed to the defendant, (2) it does not direct the defendant to file a pleading and defend, (3) it does not notify the defendant that in the event of his failure to file a pleading that a judgment by default will be entered against him and (4) that such default judgment will be for the relief demanded.

One purpose of Rule 4 (b) is to bring the archaic language of the summons suggested by Ark. Stat. Ann. § 27-306 (Repl. 1979), and used by trial courts in this state for over a century, into modern more readily understandable terms. It is recognized that the summons cannot, as admonished in appellee's brief, provide a short course in legal pleading practice, but it can and must be sufficient to advise a non-lawyer what is expected of him. The first reading of the summons by a defendant is the only step in the legal process which is not expected to be performed with the advice and assistance of licensed attorneys, therefore this Court in adopting Rule 4 (b) sought to achieve a summons format which would advise defendants that their person or property was in jeopardy by virtue of the complaint.

With these criteria in mind, the above omissions are fatal to the summons in the case at bar. First, the sheriff and not the defendant was directed by the Clerk to take action. Second, the summons warned the defendant to "answer". Third and fourth, the consequences of the failure of the defendant to answer are more reasonably calculated to be understood by laymen using Rule 4 (b) language, than by using the legal term "taken for confessed" appearing in the summons.

The summons does not substantially comply with the requirements of Rule 4 (b). This is not a matter of form over substance, rather it is the absence of sufficient substance to give the defendant notice and the Court jurisdiction.

Service of valid process is necessary to give a court jurisdiction over a defendant. *Halliman* v. *Stiles,* 250 Ark. 249, 464 S.W. 2d 573 (1972). Under our rules, the summons is a process used to apprise a defendant that a suit is pending against him and afford him an opportunity to be heard. *Southern Kansas Stage Lines Co.* v. *Holt,* 192 Ark. 165, 90 S.W. 2d 473 (1936).

Since the summons format has not been heretofore prescribed for compliance with Rule 4 (b), such notice to be valid must be reasonably calculated to make the defendant aware of his duty to take action or risk entry of a default judgment. *Estes* v. *Masner,* 244 Ark. 797, 427 S.W. 2d 161 (1968); see also *Pender* v. *McKee,* 266 Ark. 18, 582 S.W. 2d 929 (1979). Judgments by default rendered without valid service of notice are judgments rendered without jurisdiction and are therefore void. *Edmonson* v. *Farris,* 263 Ark. 505, 565 S.W. 2d 617 (1978); *Halliman* v. *Stiles, supra;* Ark. Stat. Ann. § 29-107 (Repl. 1979)

In the case at bar, however, the actions and method of serving process were valid, but the notice itself was defective. In these circumstances we therefore hold that a default judgment based upon valid service of a defective summons is voidable. Being voidable, there was a need for showing a meritorious defense. *White* v. *Ray,* 267 Ark. 83, 589 S.W. 2d 28 (1979); *Edmonson* v. *Farris, supra.* We have not heretofore defined the term "meritorious defense"; it is evidence (not allegations) sufficient to justify the refusal to grant a directed verdict against the party required to show the meritorious defense. In other words, it is not necessary to prove a defense, but merely present sufficient defense evidence to justify a determination of the issue by a trier of fact.

In applying the foregoing to the case at bar, it appears that the defendant-appellant showed a meritorious defense. The complaint alleged appellant's negligent repair of an

airplane landing gear resulting in a crash thereof. At the hearing to set aside the default judgment, the appellant presented evidence that before returning the airplane to appellee, appellant had test flown the airplane and that the landing gear was operating properly. This presented a fact issue for determination by the trier of fact — it presented a meritorious defense.

Appellee argues that the defendant-appellant having received the summons, did nothing but write the plaintiff's attorney; this is tantamount to arguing that the defendant had actual notice of the pending action and waived the defect in the summons. Such contention is not sound. Where a defect in the summons is so substantial as to render the process void, there can be no waiver of the defect. *Storey* v. *Brewer*, 232 Ark. 552, 339 S.W. 2d 112 (1960). [2] Nor does actual knowledge of a proceeding validate defective process. *DeSoto, Inc.* v. *Crow*, 257 Ark. 882, 520 S.W. 2d 307 (1975); *McIntosh* v. *Ponder*, 222 Ark. 701, 262 S.W. 2d 277 (1953). A default judgment is valid by virtue of valid process, and not by the fact that a defendant otherwise learns that a lawsuit is pending.

For a summons to be valid process, it must at the very least be such that will give the person notice that an action is pending against him; advise him of the action which he must take to defend himself; and apprise him of the consequences of his failure to take that action. Rule 4 (b) was adopted for that purpose. A summons which does not follow that rule lacks substance, and a defendant receiving such summons lacks notice. Since the Union Circuit Clerk issued defective summons, the default judgment entered was voidable; the appellant had a meritorious defense, and the order denying appellant's motion to set aside the default judgment is reversed and the cause remanded.

The issuance of summons is a matter of court administration and should not constitute an unknown procedural trap for the plaintiff. Accordingly, we are today issuing a per

---

[2] We recognize the dicta in *Storey* v. *Brewer* is applicable law to the facts in the case at bar.

curiam opinion setting forth the summons form prescribed by this Court to comply with Rule 4 (b).

HOLT, J., not participating.