TERMINAL TRUCK BROKERS v. MEMPHIS
TRUCK & TRAILER, INC.

83-11                                          652 S.W.2d 34

Supreme Court of Arkansas
Opinion delivered June 13, 1983

*Macom, Moorhead, Green & Henry,* by: *William M. Moorhead,* for appellant.

No brief filed by appellee.

FRANK HOLT, Justice. The appellee secured a default judgment against Larry Fletcher. In an effort to collect the judgment, it had a writ of garnishment issued against the appellant. The appellant did not respond, and a default judgment was entered against it. In a timely manner, the appellant filed a motion to set aside the default judgment. The trial court held that the objections by appellant to the form of the writ of garnishment were well taken; however, by having answered a previous writ in this same case, the appellant garnishee knew what was required of it. The motion to set aside the default judgment against appellant was denied and hence this appeal.

The appellant contends the default judgment should have been set aside because it established a meritorious defense and because the writ of garnishment was voidable for lack of compliance with the requirements of ARCP Rule 4 (b). We agree.

The parties have stipulated that, from the time the writ of garnishment was issued until the date of the filing of the motion to set aside the default judgment, the appellant was

not indebted to Larry Fletcher nor did it have in its possession any property or money belonging to him. This is sufficient to demonstrate the existence of a meritorious defense to an action for garnishment. *Coward* v. *Barnes,* 232 Ark. 177, 334 S.W.2d 894, 82 A.L.R.2d 854 (1960); *Dalhoff Construction Co.* v. *Adams,* 76 Ark. 98, 88 S.W. 1134 (1905); Ark. Stat. Ann. § 31-305 (Repl. 1962).

It further appears that the writ of garnishment here fell short of the requirements of ARCP Rule 4 (b) in substantially the same manner as the summons which we held defective in *Tucker* v. *Johnson,* 275 Ark. 61, 628 S.W.2d 281 (1982). Here, as in *Tucker,* the writ was not directed to the appellant but was directed to the sheriff; it did not direct the appellant to file a pleading and defend; and it did not state that any default judgment would be for the relief demanded, which was the amount owed to the appellee here by Larry Fletcher. The writ in the instant case also was defective in that it was not under the seal of the court, as required by ARCP Rule 4 (b). We have held that a writ of garnishment must meet the requirements applicable to summonses in civil cases. *DeSoto, Inc.* v. *Crow,* 257 Ark. 882, 520 S.W.2d 307 (1975). Actual knowledge of a proceeding does not validate a default judgment where there was, as here, a defective process. *Tucker* v. *Johnson, supra.* The default judgment should have been set aside.

Reversed and remanded.