## A. O. SMITH HARVESTORE PRODUCTS, INC.
### *v.* Thomas BURNSIDE

83-282                                665 SW.2d 288

Supreme Court of Arkansas
Opinion delivered March 12, 1984

*Meadows & Davis,* by: *Steven B. Davis,* for appellant.

*Pickens, Boyce, McLarty & Watson,* by: *James A. McLarty,* for appellee.

DARRELL HICKMAN, Justice. Thomas Burnside, a dairyman, obtained a default judgment for $178,000 against the appellant, A. O. Smith Harvestore Products, Inc., a non-resident corporation not authorized to do business in Arkansas. We set the judgment aside because of no proper service and for that reason need not discuss the other issues raised.

Both parties rely on the service statute, Ark. Stat. Ann. § 27-340, but it was replaced by the Uniform Interstate and International Procedure Act, §§ 27-2501—2507 (Repl. 1979), which in turn, at least in part, is identical to ARCP Rule 4 (e). See *Marchant* v. *Peeples,* 274 Ark. 233, 623 S.W.2d 523 (1981). Under either statutory provision, appellant was not properly served because the attempt to use the Secretary of State resulted in the notice being returned.

The appellant argues that actual notice was given when an agent of the appellant met with the attorney for the appellee, in Arkansas, was handed a copy of the complaint, and acknowledged in writing later that the appellant was given twenty additional days to file an answer. In that letter the agent stated that he did not believe that notice had been properly served on the appellant, and this removed any question that might remain of actual notice or of the appellant waiving the strict requirement of proper service. We do not favor default judgment and look with disfavor on substituting actual notice for proper notice. See *Tucker* v. *Johnson,* 275 Ark. 61, 628 S.W.2d 281 (1982); *Edmonson* v. *Farris,* 263 Ark. 505, 565 S.W.2d 617 (1978). Therefore, the judgment is reversed and the cause remanded.