SOUTHERN PAPER BOX CO. *v.* Gaines N. HOUSTON

CA 84-256 690 S.W.2d 745

Court of Appeals of Arkansas
En Banc
Opinion delivered June 12, 1985
[Supplemental Opinion on Denial of Rehearing October 9, 1985.*]

---

* Glaze, J., dissents. Cooper, J., would grant rehearing for reasons stated in his dissent to original opinion.

*Allen, Cabe & Lester, A Professional Association*, for appellant.

*Catlett & Stubblefield*, by: *H. B. Stubblefield*, for appellee.

MELVIN MAYFIELD, Judge. Appellee, a Little Rock attorney, filed suit against appellant to recover an $85,979.85 fee alleged to be due him. Appellant did not file an answer to the complaint but its president, Raymond Cardwell, contacted appellee's attorney, made a payment of $21,544.89 on the account, and agreed that the company would pay $5,000.00 each week until the account was paid. Only one weekly payment was made and when several weeks passed without further payments, appellee's attorney notified appellant in writing of his intention to take a default judgment. Appellant then contacted its present attorney who filed a motion to quash the summons on the basis of improper service, alleging that the summons was not served on an officer, managing or general agent, or any other authorized agent of the corporation as required by the Arkansas Rules of Civil Procedure Rule 4(d)(5).

At an evidentiary hearing, there was testimony that a sheriff's deputy had left the summons with a receptionist at appellant's office although Mr. Cardwell admitted that an employee gave him the summons the same afternoon it was given to the receptionist. The trial court denied the motion to quash and granted the appellee's motion for default judgment for the balance due on the account.

Appellant's first argument on appeal is that the trial court erred in denying its motion to quash since there was a failure to obtain service as provided by ARCP Rule 4(d)(5). Appellant cites several cases to support its position, but we do not think any of them are applicable under the facts of this case.

In *Tucker* v. *Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982), a default judgment was set aside because the summons did not give the defendant adequate notice. The court said the summons was defective because it was not directed to the defendant, did not direct him to file a pleading and defend, did not notify him that judgment would be entered against him if he did not defend, and did not inform him that the default judgment would be for the relief demanded in the complaint.

In *Edmonson* v. *Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978), the defendant was out of town when his wife picked up the summons at the sheriff's office. The Arkansas Supreme Court held that a default judgment obtained on that service should have been vacated since the summons was not served by leaving a copy at the defendant's usual place of abode in keeping with the statute in effect at that time. The Court said the judgment was void under Ark. Stat. Ann. § 29-107 (Repl. 1962) which "provides that '[a]ll judgments' rendered by any court against any person 'without notice, actual or constructive, and all proceedings' thereon 'shall be absolutely null and void.' " *See* Ark. Stat. Ann. § 29-107 (Repl. 1979).

In *Pounders* v. *Chicken Country, Inc.*, 3 Ark. App., 220, 624 S.W.2d 445 (1981), the president of a corporation testified that he had no knowledge of the writ of garnishment served on an employee until after a default judgment had been entered against the corporation. The trial court set that judgment aside and the appellate court affirmed on the basis that the judgment was void. *Pounders* cited *Nutrena Mills, Inc.* v. *Parsons Feed & Farm Supply, Inc.*, 234 Ark. 1058, 356 S.W.2d 421 (1962), where the trial court granted the corporate garnishee's motion to quash service because the writ was not served upon its president and it was not shown that he was unavailable. Thus, that case, unlike the instant case, did not involve a default judgment.

In *Terminal Truck Brokers* v. *Memphis Truck & Trailer, Inc.*, 279 Ark. 427, 652 S.W.2d 34 (1983), it was held that a default judgment should be set aside because the writ of garnishment fell short of the requirements of ARCP Rule 4(b) as to form "in substantially the same manner" as the summons held defective in *Tucker* v. *Johnson, supra.*

And in *A.O. Smith Harvestore* v. *Burnside*, 282 Ark. 27, 665

S.W.2d 288 (1984), default judgment was set aside where proper service was not obtained upon a nonresident corporation "because the attempt to use the Secretary of State resulted in the notice being returned," and appellant's agent, who was given a copy of the complaint, removed any question of waiver of proper service by a statement in a letter to appellee's attorney.

The above cases, relied upon by the appellant, fall into two categories. In *Tucker* and *Terminal Truck Brokers* default judgment was set aside because the summons was defective in *form*, that is, in the language used. In *Edmonson, Burnside*, and *Pounders*, the default judgment was set aside because the summons was *not served* in the proper manner and the defendant did not have actual notice of the suit until after judgment was entered. The case at bar, however, does not fall into either of these categories. Here, the proper officer of appellant, its president, admits he actually received the summons the same day it was served on the receptionist. Also, there is no contention that the form does not comply with the form prescribed by the Supreme Court in its per curiam issued February 1, 1981, as a result of the *Tucker* decision. *See* 275 Ark. at 497.

Considered under the factual circumstances of the instant case, the case of *White* v. *Ray's Bldg. Contractor*, 267 Ark. 83, 589 S.W.2d 28 (1979), relied upon by the appellee, reaches a conclusion contrary to those cited by the appellant. In *White*, notice to the nonresident defendants by registered mail was returned undelivered as "unclaimed." The appellee, however, obtained default judgment on the basis of an affidavit suggesting that the defendants had in fact refused to receive the letter. The appellate court affirmed the trial court's refusal to set aside the judgment since the proof indicated that the defendants had actual knowledge of the suit several months before the default judgment was entered. We believe that decision fits the situation in the instant case. Here, the president of the appellant corporation admits that he actually received the summons the same day it was left at his office. He also admits that he made a substantial payment on the account and agreed to make weekly payments until the account was paid in full. The appellant has not been prejudiced. It has not been denied either *notice* of the suit or *opportunity* to answer. *See Ford Life Ins. Co.* v. *Parker*, 277 Ark. 516, 644 S.W.2d 239 (1982).

Appellant also argues that the trial court erred in granting the default judgment since, before the time to answer had expired, the appellee had agreed to "drop the suit" in exchange for the appellant's promise to pay the amount sued for. It is argued that appellant had a valid defense to a portion of the account but did not file an answer in reliance upon the appellee's agreement to "drop the suit," and that this constituted "excusable neglect" within the meaning of ARCP Rule 55(c). *Perry* v. *Bale Chevrolet Co.*, 263 Ark. 552, 566 S.W.2d 150 (1978), and *Burns* v. *Shamrock Club*, 271 Ark. 572, 609 S.W.2d 55 (1980), are cited in support of this contention.

In *Perry* the appellant tendered a handwritten answer on the 19th or 20th day after service but the clerk would not file it because it was not typed in compliance with a local court rule. The appellant then filed a typewritten answer one day late. In response to a motion for default judgment the appellant responded by affidavit that he had been in communication with appellee's respresentatives who had agreed the case would be dismissed; however, on the 18th day after service he learned they had not advised their attorney of this agreement and he then tried to file the handwritten answer. The trial court found this did not constitute "excusable neglect" and granted the default judgment motion. The Supreme Court pointed out that appellant's affidavit had not been controverted and held that excusable neglect did exist.

In *Burns* the appellant was served with summons on a suit to recover damages for appellant's negligent operation of an automobile. Appellant called an attorney who had previously represented him. The attorney advised appellant he could not represent him, but when appellant said he had insurance coverage, the attorney explained the company's obligation to defend the suit and asked appellant to get him the name of the company. The next day the appellant called and left the name of the company with the attorney's secretary and that same day the attorney wrote the insurance company asking that it defend the suit. About a week later, before time to file an answer had expired, the company notified the attorney that appellant had no coverage on the automobile. The attorney neglected to pass that information on to appellant, no answer was filed, and default judgment was granted. The Supreme Court reversed, holding that there was "an

honest and unfortunate misunderstanding which constituted just cause for not filing a timely answer."

We do not believe the facts in the instant case demonstrate the extenuating circumstances shown in *Perry* and *Burns*. Here, the president of appellant corporation agreed to pay the amount sued for. Although he testified that there was some question *in his mind* as to whether he really would make all the payments necessary to pay the full amount, he very clearly did not reveal that to the appellee. Certainly the trial court was entitled to take that evidence into consideration in determining whether the appellant had a valid defense to the claim and whether there was excusable neglect or other just cause sufficient to excuse the appellant from a default judgment. In *Renault Central* v. *Int'l Imports*, 266 Ark. 155, 159, 583 S.W.2d 10 (1979), the Supreme Court said:

> A trial judge has wide discretion in determining whether a default judgment should be vacated and this court will not reverse the decision of the trial judge unless he has abused that discretion. *Jetton* v. *Fawcett*, 264 Ark. 69, 568 S.W.2d 42 (1978); and *Davis* v. *McBride*, 247 Ark. 895, 448 S.W.2d 37 [1969]. In a case such as this, where no attempt was made to show either the existence of a meritorious defense or a lack of knowledge of the pendency of the proceeding, we cannot say that refusal to grant a motion to vacate was an abuse of discretion.

And in *Meisch* v. *Brady*, 270 Ark. 652, 658, 606 S.W.2d 112 (Ark. App. 1980), the Court of Appeals said:

> Rule 55 states in no uncertain terms that a default judgment may be set aside "upon a showing of excusable neglect, unavoidable casualty, or other just cause." And rule 60(d) is equally clear and in definite terms provides that *"[n]o judgment* against defendant, unless it was rendered before the action stood for trial, shall be set aside . . . unless defendant in his motion asserts a valid defense to the action and, upon hearing, makes a prima facie showing of such defense."

We also note that the agreement to "drop the suit" is

not free of ambiguity. In a sense the suit was dropped for as long as the agreed payments were made. What this term meant and the weight it should have been given in considering whether appellant had a valid defense or whether excusable neglect or other just cause existed was for the trial judge to decide. We find that his decision was not clearly against the preponderance of the evidence.

Affirmed.

COOPER and GLAZE, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I respectfully dissent from the majority opinion. I have no particular quarrel with the majority's decision that the service was adequate because the appellant's president had actual knowledge of the suit and thus had the opportunity to defend. However, I disagree with the majority's, and the trial court's, decision that the failure to file a timely answer was not excusable. What has happened is that the appellee, an attorney, induced the appellant's president not to file an answer by agreeing to "drop the suit". The majority finds that phrase ambiguous, but it is unlikely that the appellee meant anything other than a dismissal because the parties had agreed on a payment plan. The appellant corporation obviously relied on the appellee's representations, for it did not file an answer or attempt to do so until it received notice that the appellee intended to present a motion for a default judgment.

In *Perry* v. *Bale Chevrolet Co.*, 263 Ark. 552, 566 S.W.2d 150 (1978), the Arkansas Supreme Court found that the trial court abused his discretion by granting a default judgment. The defendant was properly served with a summons, and he attempted to file an answer one day late. His excuse for being late was that he had been in communication with representatives of the appellee and that it was agreed that the suit would be dismissed prior to the last day for filing his answer. The trial court found that excuse insufficient to prevent the granting of a default judgment. In reversing, the Supreme Court said:

> Under the peculiar circumstances of this case, we disagree and reverse the judgment. Pertinent circumstances are the appellant's understanding that the suit would be dismissed without his being required to answer, his prompt action in

tendering a handwritten answer and the filing of a type-written answer only one day late. *Perry, supra,* at 553.

As noted in *Perry, supra,* default judgments are not the favorites of the law, and in several instances substantial compliance by a defendant has been held sufficient to avoid a default judgment. See, *Winters v. Lewis,* 260 Ark. 563, 542 S.W.2d 746 (1976); *Barkis v. Bell,* 238 Ark. 683, 384 S.W.2d 269 (1964); *Easley v. Inglis,* 233 Ark. 589, 346 S.W.2d 206 (1961); *Cummings v. Lord's Art Galleries,* 227 Ark. 972, 302 S.W.2d 792 (1957).

On the peculiar circumstances of the case at bar, I would reverse the trial judge's decision, and hold that the appellant's failure to timely answer was the result of "excusable neglect" or "other just cause". *Fitzwater v. Harris,* 231 Ark. 173, 328 S.W.2d 501 (1959).

Tom Glaze, Judge, dissenting. Because appellee failed to obtain service on appellant as provided under Rule 4(d)(5) of the Arkansas Rules of Civil Procedure, I believe this cause should be reversed. In my opinion, the Supreme Court's holding in *Edmonson v. Farris,* 263 Ark. 505, 565 S.W.2d 617 (1978) clearly dictates such reversal.

Here the majority incorrectly attempts to distinguish *Edmonson.* This Court erroneously states that the defendant Edmonson did not have actual notice of the suit until after the default judgment was entered and that the judgment was void for lack of notice under Ark. Stat. Ann. § 29-107 (Repl. 1962). Nothing in the *Edmonson* decision reflects the defendant was unaware of the suit until *after* the default judgment was entered. Furthermore, such a factual distinction was not significant in the Supreme Court's holding, which was based upon appellee's (Farris') failure to obtain proper service under Ark. Stat. Ann. § 27-330 (Repl. 1962). In *Edmonson,* the defendant was out of town when his wife picked up his summons at the sheriff's office. The trial court observed that the service upon Edmonson's wife at the sheriff's office rather than "at the place of abode"—as required under § 27-330—was a technical distinction, and it held the service was valid. The Supreme Court reversed the trial court, holding statutory service requirements, being in derogation of

common law rights, must be strictly construed and exactly complied with. The Supreme Court further held the default judgment against Edmonson was void *ab initio* because the sheriff failed to comply with the mandatory provisions of § 27-330.

In the instant case, the sheriff failed to comply with the mandatory provisions of Rule 4(d)(5), which requires service upon a corporation by delivering a copy of the summons and complaint to an officer, partner (other than a limited partner), managing or general agent, or any agent authorized by appointment or law to receive service of the summons. Undisputedly, the sheriff served appellant's receptionist and thereby failed to comply with any of the terms set out in Rule 4(d)(5). If the Supreme Court required strict compliance with service procedures in *Edmonson*, I fail to see how we can do otherwise in this cause.

I dissent.

Supplemental Opinion on Denial of Rehearing
Delivered October 9, 1985

697 S.W.2d 124

MELVIN MAYFIELD, Judge. After our decision affirming the trial court, 15 Ark. App. 176, 690 S.W.2d 745 (1985), the appellant filed a petition for rehearing accompanied by a 16-page brief. The appellee has filed a response to the petition alleging that the appellant is attempting to reargue the entire case.

▪ Arkansas Supreme Court and Court of Appeals Rule 20(g) provides that "Counsel are expected to argue the case fully in the original briefs, and the brief on rehearing is not intended to afford an opportunity for a mere repetition of the argument already considered by the Court." Here, the appellant did not even reply to the appellee's brief, but after our opinion was handed down, the appellant filed a brief on rehearing containing 18 cases not cited in its original brief and containing twice as many pages as the argument portion of its original brief.

▪ We agree with the appellee that appellant's brief on rehearing violates Rule 20(g) and that this is sufficient reason to deny the petition for rehearing. However, we think the petition should also be denied on its merits.

The thrust of appellant's original brief was that actual knowledge of a proceeding in court will not validate a default

judgment granted on defective service of process. As pointed out in our original opinion, all the cases cited by appellant fell into two categories: (1) where the summons was defective in form so that it did not notify the defendant that failure to answer would result in default judgment, or (2) where the summons was not served in the proper manner and the defendant did not have actual notice of the suit until after judgment was entered against him.

██ In its brief on rehearing the appellant renews its argument and cites a case not cited in its original brief, *Halliman* v. *Stiles*, 250 Ark. 249, 464 S.W.2d 573 (1971), as additional authority. That case, however, presents nothing new. It clearly holds that Ark. Stat. Ann. § 29-107 (Repl. 1962) makes a judgment null and void if rendered "without notice, actual or constructive."[1] This explanation of *Halliman* and a case cited in appellant's original brief, *Edmonson* v. *Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978), was given in the last paragraph of the case of *White* v. *Ray's Bldg. Contractor*, 267 Ark. 83, 589 S.W.2d 28 (1979), cited in our original opinion. But in *White* the appellant had actual knowledge of the suit before default judgment was entered against him and because of that the court refused to set the judgment aside. As we pointed out in our original opinion, that is the situation in the instant case.

 However, the appellant's brief on rehearing also makes a new argument on this point. It is now argued that knowledge of the pendency of an action does not cure invalid service of process *where challenged by a motion to quash filed prior to the granting of a default judgment*. A number of cases not cited in its original brief are cited in appellant's rehearing brief in support of this contention. Most of them are patently not applicable and we do not find that the decision in any of them is based on the fact that a motion to quash was filed prior to the granting of a default judgment. On the other hand, one of the cases cited in *White* states: "After the entry of a default judgment

---

[1] See footnote in *Tucker* v. *Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982), for statement that section 29-107 was not superseded with respect to default judgments by the Arkansas Rules of Civil Procedure.

the defendant's attack should be directed against the judgment rather than against the service of process." *See Employers Mutual Casualty Co.* v. *Buckner,* 233 Ark. 564, 345 S.W.2d 924 (1961). Moreover, under ARCP Rule 12(b) a defense based upon insufficiency of service of process may be raised by responsive pleading or motion, but under Rule 12(h)(1) that defense is waived by the failure to properly assert it. And in *Pender* v. *McKee,* 266 Ark. 18, 582 S.W.2d 929 (1979), the court said:

> It is a well-settled general rule, however, that any objection to irregularities or defects in the service of process is waived unless made promptly and diligently and that defective service of process may be sufficient to constitute legal notice of a suit and support a judgment therein, so long as the service actually gives the party served notice of the proceedings. (Citations omitted.)

266 Ark. at 35.

In view of appellant's new argument about its motion to quash, it is important to note Rule 12 and *Pender* because the appellant failed to file a pleading or motion of any kind for more than 50 days after its president actually received a summons giving him notice of the filing of the suit and warning him that default judgment would be entered if no response was filed within 20 days. Rule 12 and *Pender* both recognize that the insufficiency of service of process may be waived and we think there is ample evidence to support the trial court's action in denying appellant's belated motion to quash and in granting the appellee's motion for default judgment.

Appellant's brief for rehearing states that this case "fits exactly in the mold" of *Nutrena Mills, Inc.* v. *Parsons Feed & Farm Supply, Inc.,* 234 Ark. 1058, 356 S.W.2d 421 (1962), but we do not agree. In that case the court said "the deputy sheriff's return merely recited that he had served the writ by delivering a copy to Shorty Parsons, vice president of the appellee." The court then pointed out that the law required that service be had upon the president of the corporation or, in his absence, upon certain other officers, and the court held that the service was void. The reason for this holding was explained in *O'Guinn VW, Inc.* v.

*Lawson,* 256 Ark. 23, 505 S.W. 2d 213 (1974), in these words: "In *Nutrena Mills,* we pointed out that the service was void because the unavailability of the president of the corporation was neither recited in the return nor shown by the evidence." *Id.* at 26.

Although a motion to quash service was granted in *Nutrena Mills,* there was no evidence in that case from which the court could have found a waiver of the defective service. But we have a completely different situation in the instant case. Here, the return states that service was had upon Raymond Cardwell "the duly designated agent for service." The evidence here shows that Cardwell was in fact the proper agent for service and that he became aware of and actually received the summons the same day it was left with the receptionist at his corporation's office. However, instead of making a prompt and diligent objection to the sufficiency of the service by filing a motion or other pleading in the suit, the appellant made an agreement to pay the appellee the amount sued for and, after making substantial payments, it breached its agreement. Now it wants to set aside the judgment in the suit which it ignored and offers the excuse that, because it never really intended to fulfill the agreement it made, it should now be allowed to question the sufficiency of the service giving it notice of the suit.

██ Of course, "We do not favor default judgment and look with disfavor on substituting actual notice for proper notice," *see A.O. Smith Harvestore Products, Inc. v. Burnside,* 282 Ark. 27, 665 S.W.2d 288 (1984), but under the circumstances in this case we do not think the trial judge's decision should be reversed.

The petition for rehearing is denied.

GLAZE, J., dissents.

COOPER, J., would grant rehearing for the reasons expressed in his dissent to the original opinion.

TOM GLAZE, Judge, dissenting. I find nothing in the majority's supplemental opinion that explains its failure to follow the Supreme Court's holding in *Edmonson v. Farris,* 263 Ark. 505,

565 S.W.2d 617 (1978). The Court's present reference to Rule 12 of the Arkansas Rules of Civil Procedure lends the majority no aid. One need only read the Supreme Court's decision in *Tucker v. Johnson*, 275 Ark. 61, 66, 628 S.W.2d 281, 283 (1982) to understand that the adoption of the Rules did not affect the *Edmonson* holding. Thus, for the same reasons stated in my earlier dissent, I believe this cause should be reversed. *See Southern Paper Box Co.* v. *Houston*, 15 Ark. App. 176, 183, 690 S.W.2d 745, 750 (1985).