Tangie MARTIN *v.* Susan JETKINS, et al.

94-1364                                897 S.W.2d 567

Supreme Court of Arkansas
Opinion delivered May 15, 1995

*Frye, Mickel & Boyce, P.A.*, by: *Phillip D. Cook, Jr.*, for appellant.

*Cheryl K. Maples*, for appellees.

ROBERT H. DUDLEY, Justice. Plaintiffs filed a tort suit against defendant Martin. Service was had on the resident defendant on March 23, 1994, but defendant did not answer until April 15, 1994, which was more than twenty days after service was completed. *See* ARCP Rule 12(a). Plaintiffs filed a motion to strike the untimely answer. Defendant filed a response to the motion. The trial court heard arguments from both parties, found that the answer was untimely and "not excusable under ARCP Rule 55(c)," and struck the answer. No reversible error is shown.

Defendant first argues that the trial court erred in striking the answer because its untimeliness was due to mistake, inadvertence, or excusable neglect as contemplated by ARCP Rule 55(c). However, no evidence was presented in the trial court. Both sides argued the matter in the trial court, and now argue it on appeal, as if there were some understanding or stipulation about the facts. The abstract does not reflect such an agreement, and it would be improper for this court to assume one. Moreover, even if there were a stipulation of facts, and even if defendant proved excusable neglect, defendant still would not prevail.

Both parties treat the trial court's order as one refusing to set aside a default judgment, *see* ARCP Rule 55(c), and, even if defendant had made a threshold showing of mistake, inadvertence, or excusable neglect, she also would have to show that she had a meritorious defense to the cause of action. Rule 55(c) provides that a "party seeking to have the judgment set aside must *demonstrate a meritorious defense* to the action." [Emphasis added.] In interpreting this provision, we have defined "meritorious defense" as the following:

> [E]vidence (not allegations) sufficient to justify the refusal to grant a directed verdict against the party required to show the meritorious defense. In other words, it is not necessary to prove a defense, but merely present sufficient defense evidence to justify a determination of the issue by a trier of fact.

*Tucker* v. *Johnson*, 275 Ark. 61, 66, 628 S.W.2d 281, 283-84 (1982).

In this case, defendant only *alleged* that she had a

480

meritorious defense. She did not present any evidence to justify a determination of the issue by a trier of fact. Consequently, we affirm.