CITY OF FLORDELL HILLS, a Municipal
Corporation (Plaintiff), Respondent,

v.

Fred HARDEKOPF (Defendant), Appellant.

No. 28983.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1954.

Rehearing Denied Oct. 15, 1954.

Scott & Kroening, and William C. Scott, St. Louis, for appellant.

John J. Shanahan, St. Louis, for respondent.

BENNICK, Judge.

This case originated in the police court of the City of Flordell Hills, a city of the fourth class in St. Louis County, upon the filing of a complaint by the city attorney charging defendant, Fred Hardekopf, with the violation of Ordinance No. 133 of said city in that on October 1, 1952, the date of the filing of the complaint, he owned, operated, and maintained a business known as the Tasty Sandwich Shop at 7005 West

Florissant Avenue in said city without having obtained a merchant's license in accordance with the provisions of the ordinance.

Upon a trial in police court defendant was found guilty as charged, whereupon in due course he took his appeal to the circuit court, where he was again found guilty and his punishment assessed at a fine of $50. A motion for a new trial was filed and overruled, and by proper successive steps he has caused the case to be transferred to this court for our review.

The ordinance had been enacted on October 13, 1946, while plaintiff city was organized as a village, and had continued in effect after the village elected to become a city of the fourth class upon the theory, undoubtedly, that its provisions were not inconsistent with the law relating to the power of cities of the fourth class to license, tax, and regulate certain businesses and occupations. One of the powers conferred upon the trustees of an incorporated village is to enact ordinances to license, tax, and regulate merchants, Section 80.090, RSMo 1949, V.A.M.S., and in like measure cities of the fourth class are given the power to license and collect a license tax on merchants of all kinds. Section 94.270 RSMo 1949, V.A.M.S. Neither section has anything to say, however, as to how the amount of the tax shall be determined.

 In view of these statutes there is no question in the case of the power of either an incorporated village or a city of the fourth class to enact an ordinance imposing a license tax on merchants, but on the contrary the controversy is over the validity of the provision of the ordinance prescribing the method for the computation of the tax, which, instead of being fixed at a flat annual rate as in the case of businesses not affected by the provision, is to be based upon the aggregate amount of all sales made by the merchant during the preceding fiscal year.

In insisting upon the invalidity of the provision of the ordinance prescribing that the amount of the tax shall be determined up-on a percentage of gross sales, defendant refers to Section 92.040 RSMo 1949, V.A. M.S., which provides that all cities in this state which have a population of over 300,-000 inhabitants are authorized to license, tax, and regulate the occupation of merchants, and, as plaintiff city seeks to do, may graduate the amount of annual license imposed upon a merchant in proportion to the sales made by such merchant during the year next preceding any fixed date. From this he argues that since this method of levying an occupation tax upon merchants is only found in Section 92.040 relating to cities of more than 300,000 in population, all other cities, including plaintiff city, are excluded from utilizing this method of tax determination.

Where defendant's argument goes amiss is in failing to recognize that the powers granted to each class of cities in this state are for the most part the subject of separate and distinct statutes which only apply to the class of cities to which they relate. City of Aurora v. McGannon, 138 Mo. 38, 45, 39 S.W. 469. The fact, therefore, that the power to graduate the amount of a merchant's license tax in proportion to his sales during the preceding fiscal year may only be given in express terms to cities of more than 300,000 population is no indication that such method of determining the tax is thereby denied to cities of other classifications. Indeed, if such provision in Section 92.040 has any significance at all in connection with the matter now before us, it is only that it constitutes a definite legislative declaration that the fixing of such a tax upon the basis of gross sales is of itself neither arbitrary nor unreasonable.

It is a well established principle of law that when the power to do an act is conferred upon a municipal corporation in general terms without being accompanied by any prescribed mode of exercising it, the city council or other governing body may, in its discretion, exercise the power in any lawful and reasonable manner which it deems expedient in order to effectuate the purpose for which the power is given. Ballentine v. Nester, 350 Mo. 58, 164 S.W.2d

378; Dodds v. Kansas City, 347 Mo. 1193, 152 S.W.2d 128; City of Aurora v. Mc-Gannon, 138 Mo. 38, 39 S.W. 469; Austin Western Road Machinery Co. v. City of New Madrid, Mo.App., 185 S.W.2d 850; 62 C.J.S., Municipal Corporations, § 159; 37 Am.Jur., Municipal Corporations, Sec. 117.

In this case since the statutes authorizing the imposition of license taxes upon merchants both by incorporated villages and by cities of the fourth class are wholly silent upon the method by which the power may be exercised, it was within the discretion of plaintiff city's legislative body to select the means by which the tax was to be calculated and collected, limited only by the necessity that the plan adopted be lawful and reasonable. There has been no contention by defendant that the tax which is sought to be imposed is unreasonable, or that it is unlawful upon any other ground than the one already stated and disallowed. The mode of procedure chosen was appropriate for the effective exercise of the power broadly conferred by the enabling statutes; and not only was there no abuse of discretion in its selection, but having been written into the ordinance, the city has no recourse but to insist that each and every merchant subject to the terms of the ordinance shall have his tax computed in the manner prescribed.

■ Defendant's remaining contention is that even though the ordinance be valid, he is in any event not a merchant, and therefore not liable to pay the tax no matter how it is computed.

The ordinance itself defines a merchant to be one who deals in the selling of any goods, wares, or merchandise at any store, stand, or place occupied for that purpose within the city.

It will be observed that the ordinance definition follows the statutory definition almost literally, Section 150.010 RSMo 1949, V.A.M.S., and that both conform substantially to the general law upon the subject,

which broadly characterizes a merchant as one who buys and sells goods or commodities in a store, stand, shop, or other fixed place as a usual and customary business and for profit. City of Ozark v. Hammond, 329 Mo. 1118, 49 S.W.2d 129; Viquesney v. Kansas City, 305 Mo. 488, 266 S.W. 700; Kansas City v. Lorber, 64 Mo.App. 604, 608; 57 C.J.S., Merchant, p. 1060.

As has already been indicated, defendant's establishment is known as the Tasty Sandwich Shop. He operates it at a fixed location, and as a part of his equipment has counters and tables at which food stuffs and drinks which he has prepared are served to his customers for consumption on the premises. He also sells ice cream, root beer, and other beverages in open containers to be consumed either while the purchasers are seated at the counters or else in their automobiles while parked on the premises. In addition he sells ice cream and root beer in bulk packages and containers to be taken home by the purchasers and be consumed elsewhere than on the premises.

Not only does defendant now deny that he is a merchant, but he insists that in actual fact he is engaged in the business of operating a restaurant, upon which business the city has not imposed a license tax, although it would have authority to do so under Section 94.270.

A restaurant, according to common understanding, is a public eating place where, as the chief incident to the business carried on, food and drink are prepared and served to be consumed on the premises. In its original conception the term implied a place where meals were served, but in the light of modern usage it would seem that the scope of operations, if otherwise conforming to the proper tests, would not require the serving of actual meals in order to constitute the place a restaurant. However the necessity for the serving of food and drink contemplates food and drink in the usual and ordinary sense; and a place which operates merely for the sale of such commodities as ice cream and soft drinks would not be regarded as a restaurant.

It will also be observed that for a place to be a restaurant, not only must food and drink be served, but it must be served to be consumed on the premises. In preparing and serving food and drink to be consumed at the counter or at tables, defendant is to that extent undoubtedly engaged in what would be denominated restaurant business. But this is only a part of the total picture of his operations. In selling ice cream, root beer, and other beverages in open containers to be consumed by his customers while seated in their automobiles parked on the premises, it is no objection that the customers are seated in their automobiles rather than at the counter or at tables inside the building, since in either event they are consuming such commodities while on the premises. Instead, the objection is, as already pointed out, that a business limited to the sale of ice cream and soft drinks is not restaurant business. And certainly defendant is not engaged in restaurant business when he sells ice cream and root beer in bulk packages and containers to be taken away and be consumed elsewhere than on the premises. In this respect he clearly operates as a merchant, which, in truth and in fact, is what he has always considered himself to be. It is agreed that prior to 1952 he had always applied for and received a merchant's license, and that in 1952 he again applied for a merchant's license and only failed to receive it when he undertook to question the legality of the method prescribed by the ordinance for the computation of the tax.

So long as there was evidence to show that defendant engaged in business as a merchant, it is immaterial that in some independent respects he may have also occupied the status of the proprietor of a restaurant. State v. Whittaker, 33 Mo. 457, 459.

It follows that the judgment rendered by the circuit court should be affirmed, and it is so ordered.

ANDERSON, P. J., and WEINSTEIN, Special Judge, concur.