DESOTO, INC *v.* Lawrence A. CROW

74-333                                    520 S.W. 2d 307

Opinion delivered March 31, 1975

*Dobbs, Pryor & Hubbard,* for appellant.

*Sanford* and *Pate,* for appellee.

LYLE BROWN, Justice. This is an appeal from an order of the trial court denying a motion to vacate a judgment against DeSoto, Inc. as garnishee and in favor of appellee Crow in the amount of $3,022.10. The essence of DeSoto's argument is

that notice was never given to DeSoto that such a judgment might be entered.

Two identical writs of garnishment were issued against DeSoto. The first writ was dated June 25, 1974 and reads as follows:

"THE STATE OF ARKANSAS TO THE SHERIFF OF PULASKI COUNTY:

"Whereas, Lawrence A. Crow on the 16th day of May, 1974, in the Circuit Court obtained a Judgment against John Pless and Johnny M. Pless for $3,022.10 debt and damages, and court costs, which Judgment remains unsatisfied; and it being represented to the Court by said plaintiff that the Garnishee, DeSoto Incorporated is indebted to said defendant or has in its hands or possession goods, chattels, moneys, credits or effects belonging to said defendant;

"NOW, THEREFORE, you are hereby commended to summon the said DeSoto, Incorporated to appear in this Court within 10 days from the date of service hereof and then and there to answer what goods, chattels, moneys, credits or effects it may have in its hands or possessions belonging to said defendant to satisfy said Judgment, and to answer such further interrogatories as may then and there be exhibited against it; and you will make due return of this writ into said court without delay."

Another writ was issued under date of July 10, 1974. The only difference between the two writs is the date of the issue and the date of service. The writs of garnishment have two fatal defects. First, there is no notice that failure to answer could result in a judgment against garnishee. The writ merely advises garnishee to appear and answer questions propounded and to be propounded. Ark. Stat. § 29-107 (Repl. 1962) provides: "All judgments, orders, sentences, and decrees, made, rendered, or pronounced, by any of the courts of the State, against any one without notice, actual or constructive, and all proceedings had under such judgments, orders, sentences, or decrees, shall be absolutely null and void".

The writ of garnishment served the purpose of a summons. Ark. Stat. Ann. § 27-306 (Repl. 1962) provides: "The summons shall be directed to the sheriff of the county, and command him to summon the defendant or defendants named, therein to answer the complaint filed by the plaintiff, giving his name, at the time stated therein, under the penalty of the complaint being taken for confessed, or of the defendant being proceeded against for contempt of court on his failure to do so. The summons shall be dated upon the day it is issued, and signed by the clerk".

Under our holding in *Wilson* v. *Overturf*, 157 Ark. 385, 248 S.W. 898 (1923), the garnishee did not state a good cause of action.

In the case of *Ware* v. *Phillips*, 468 P. 2d 444 (Wash. 1970) the court said: "It is fundamental that a notice to be meaningful must apprise the party to whom it is directed that his person or property is in jeopardy."

The second defect is that the garnishee is required by the writ to appear and answer the same within ten days. Ark. Stat. Ann. § 31-504 provides: "Such writs [of garnishment] shall be directed, served and returned in the same manner as writs of summons".

Ark. Stat. Ann. § 27-308 provides: "In all civil actions the time fixed in the summons for the defendant to answer shall be within twenty [20] days after service when the summons is directed within the State, and thirty [30] days when it is directed outside the State". Section 27-309 provides: "The summons shall be made returnable twenty (20) days after the issuance thereof unless otherwise ordered by the court".

It is argued that Arkansas has a ten-day statute for the answering of garnishment. We are referred to Ark. Stat. Ann. § 31-512 [1962 Repl.]: "If any garnishee, after having been served with a writ of garnishment ten [10] days before the return day thereof, shall neglect or refuse to answer the interrogatories exhibited against him on or before the return day of such writ, the court of justice before whom such matter

is pending shall enter judgment against such garnishee for the full amount specified in the plaintiff's judgment against the original defendant, together with costs". Ark. Stat. Ann. § 31-512 is no longer the law as it pertains to circuit courts. It is true the annotated statutes do not show an amendment, but the facts are that it was amended by implication. §§ 27-308, 27-309, *supra*.

We are urged by appellant to declare some of the garnishment statutes unconstitutional. We decline to so hold. The effect of our rulings herein is to hold that the garnishment forms do not meet constitutional due process, and that the garnishee is entitled to twenty (20) days notice.

Reversed and Dismissed.