## HOWARD'S LAUNDRY & CLEANERS *v.*
## James D. BROWN

79-64                                    585 S.W. 2d 944

Opinion Delivered September 10, 1979
(Division I)

*Blackmon & Zakrzewski*, for appellant.

*McHenry, Skipper & Skelton,* for appellee.

DARRELL HICKMAN, Justice. This is the second appeal of this case. In an unpublished opinion we remanded this case to the Circuit Court of Pulaski County for retrial. We found that there was not substantial evidence to support a judgment in favor of the appellant, Howard's Laundry and Cleaners. Upon remand, the circuit judge, sitting as a jury, found in favor of the appellee, James D. Brown, and entered judg-ment in the amount of $2,500.00.

Howard's, on appeal, argues that the court committed two errors. First, that the court improperly found that the appellee had met the burden of proof, and, second, that the court improperly applied the measure of damages.

The appellee had suffered tornado damage to his house

and while the house was being renovated and painted, his wife decided to have some drapes cleaned. She selected the appellant laundry because it advertised as a specialist in cleaning drapes.

The critical testimony regarding liability in this case is whether the drapes were wet or dry when Howard's picked them up. All the evidence offered by the appellee was that the drapes were in good condition and dry when they were picked up. James D. Brown testified that the drapes suffered no water damage as a result of the tornado. His wife testified that she had made the drapes and that when they were picked up they were dry and in good condition. When they were returned they had shrunk. She complained to Howard's. They picked them up again and tried to stretch them but the effort was unsuccessful. She testified that the drapes were worth $2,500.00 before they were damaged and worth nothing after they were damaged.

A home economist testified that the first time she saw the drapes they were in good condition but after they were cleaned they were puckered and short. She testified in her opinion the drapes would have been worth $2,200.00 to $2,500.00, but would be worth nothing in their present condition. She said that good material would not shrink unless it was put in water that was too warm. She testified that the drape material was good and would cost between $10.00 and $15.00 a yard. A man who was painting the Brown house at the time they were picked up testified that the drapes were not wet when he helped Mrs. Brown take them down. An adjuster for the General Adjustment Bureau, who inspected the house after the tornado, said he found no water damage inside the house.

A vice-president of Howard's testified as to the routine procedure in cleaning drapes and generally disclaimed responsibility for the shrinkage. A driver for Howard's, who picked up the drapes, said they were wet when he got them. A Howard's employee at the laundry said he received a large quantity of wet drapes that day but could not say specifically that Mrs. Brown's drapes were among them. He explained Howard's cleaning process and said a red ticket had been at-

tached to the drapes which indicated something was unusual about them.

The parties do not disagree about the law, only its application. In our previous unpublished opinion in this case we quoted the law of bailments as it should be applied in this case as follows:

> The rule in bailment cases is that the bailee may overcome the inference of negligence arising against it because of delivery in good condition and return in damaged condition by telling all that it knows of the casualty, and that it exercised ordinary care in all that it did with respect to the vessel. This burden, unlike that of persuasion which rested at all times on appellants, simply required appellee to go forward with evidence sufficient to show that it had no more knowledge of the cause of the casualty than was available to the appellants and that it exercised ordinary care. At this juncture the burden of going forward would shift back to appellants to ultimately persuade the trier of the facts of negligence on the part of appellee proximately causing the casualty. *Sisung* v. *Tiger Pass Shipyard Company,* 303 F. 2d 318, 321-322 (5th Cir. 1962).

The appellant argues that Brown did not meet his burden of proof by showing that the drapes were delivered in good condition. The appellant, in effect, asks us to accept the testimony of his witness as opposed to those of the appellee in this regard. The court found for Brown and entered judgment in his behalf. Therefore, the only question before us, is, was there substantial evidence to support the judgment. There is an abundance of testimony that the drapes were delivered to Howard's in good condition.

Next, the appellant argues that there was no evidence that Howard's failed to exercise ordinary care. It was not disputed that if the drapes were wet it probably caused their shrinkage. Howard's never contended that there was no shrinkage. It would be reasonable for the trial court to conclude that if the drapes were not wet when they were

delivered and were in good condition, and were returned damaged after they were in the exclusive possession of Howard's, then Howard's would be liable. *Cothren* v. *Kansas City Laundry Service Co.,* 242 S.W. 167 (Mo. Appl 1922). Certainly, Brown had offered sufficient evidence to shift the burden of proof, which the trial court had to find by virtue of its judgment.

The second argument of error is regarding the measure of damages and the parties are not in disagreement about the law, both referring to the case of *Kimball* v. *Goodman,* 117 Ark. 446, 174 S.W. 1185 (1915). In this case we said:

> In determining the value of the goods destroyed, you should not consider their salable, market value as second hand clothing, but base your estimate on their original cost, the character of the materials, the extent to which they had been used and would probably be suitable for future use by the plaintiff, and all other circumstances which the proof, in your opinion, shows existed at the time they were injured and not their market value which the plaintiff is entitled to recover.

The appellant argues that because the drapes were four years old their value had decreased and the court was wrong in entering judgment for $2,500.00. Suffice it to say, Mrs. Brown testified the drapes were worth $2,500.00 at the time they were picked up and nothing upon their return. The home economist testified that the replacement cost of the drapes would be between $2,200.00 and $2,500.00. There was other testimony that the quality of the drapes was excellent; that they were made of good quality material and attractive. There is substantial evidence to support the judgment.

The appellant's attorney argues that he never agreed to this case being decided by the trial judge's merely reading the record from the first case and a deposition submitted later. This allegation of error was not properly preserved at the trial level and cannot be raised on appeal for the first time.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.