## SUN GAS LIQUIDS COMPANY *v.*
## THE HELENA NATIONAL BANK

81-250                                         633 S.W.2d 38

Supreme Court of Arkansas
Opinion delivered May 24, 1982

*Friday, Eldredge & Clark,* by: *Richard D. Taylor,* for appellant.

*Mike J. Etoch, Jr.,* for appellee.

DARRELL HICKMAN, Justice. This is an appeal from an order denying a motion to set aside a default judgment. Based on the issues raised to the trial court, we affirm its findings.

The Helena National Bank obtained a judgment against Harold Snell, an employee of the Sun Gas Liquids Company. The Bank issued several writs of garnishment against Sun Gas and they were answered and paid. But one issued on October 15, 1980, and served on October 20th, was not answered by Sun Gas. The Bank obtained a default judgment against the company for $1,932.41. Sun Gas sought to set aside the default on only two grounds: Excusable neglect by Mrs. Dorothy Browning, Senior Secretary at the West Memphis office of Sun Gas where the writ of garnishment

was served, and the fact that the garnishment notice was not served on Sun Gas's registered agent for service in Little Rock. The Bank relied on the writ of garnishment itself which showed that it was served on Mr. Donald Weis, Agent for Service, at West Memphis, and the fact that it was, indeed, served on him. The Bank argued that Ark. Stat. Ann. § 27-347 (Repl. 1979) permitted service on a corporate agent at a branch office and Weis was that agent. Sun Gas argued that that statute was superseded by ARCP Rule 4.

The trial court held that Rule 4 had not superseded Ark. Stat. Ann. § 27-347 and, therefore, service was valid.

There was no testimony offered to the trial court, only a motion by Sun Gas to set aside the default judgment and an affidavit by Mrs. Browning to the effect that she had mailed the notice of garnishment to the home office in Pennsylvania and was only told later that it never arrived.

Of course, Mrs. Browning's affidavit does not amount to excusable neglect. *See* ARCP Rule 55 (c); *Perry* v. *Bale Chevrolet Co.*, 263 Ark. 552, 566 S.W.2d 150 (1978); *Fitzwater* v. *Harris*, 231 Ark. 173, 328 S.W.2d 501 (1959). And we agree with the trial court that ARCP Rule 4 did not supersede Ark. Stat. Ann. § 27-347. In our Per Curiam of December 18, 1978, we set out the statutes that had been superseded by the Rules of Civil Procedure and this statute is not one of them.

Sun Gas argues on appeal that Weis was not an agent, servant, or employee of a branch office as defined by the statute. But that argument was not made below and no evidence was offered to the trial court on that issue. Sun Gas also argued that the writ of garnishment form does not give notice that judgment will be entered if it is not answered. See *DeSoto, Inc.* v. *Crow,* 257 Ark. 882, 520 S.W.2d 307 (1975). Neither was this argument made to the trial court. The dissent suggests that the branch office was in Crittenden County and the service was from Phillips County, and that the statute only contemplated service in the same county that issued the summons. None of these arguments were raised to the trial court and we have consistently held that we will not consider issues raised for the first time on appeal. We do not

have the plain error rule. *Wilson* v. *Lester Hurst Nursery*, 269 Ark. 19, 598 S.W.2d 407 (1980); *City of Fort Smith* v. *Moore*, 269 Ark. 617, 599 S.W.2d 750 (1980).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent from the majority opinion for the reasons suggested by Justice Hickman in the majority opinion. Ark. Stat. Ann. § 27-347 (Repl. 1979) states:

> Any and all foreign and domestic corporations who keep or maintain in any of the counties of this State a branch office or other place of business shall be subject to suits in any of the courts in any of said counties where said corporation so keeps or maintains such office or place of business, and service of summons or other process of law from any of the said courts held in said counties upon the agent, servant or employee in charge of said office or place of business shall be deemed good and sufficient service upon said corporations and shall be sufficient to give jurisdiction to any of the courts of this State held in the counties where said service of summons or other process of law is had upon said agent, servant or employee of said corporations.

It is obvious in reading the above statute that the authorization for service upon an agent or employee of any corporation applies only when the suit is brought in the county where the agent or employee is physically located. Therefore, service under the above statute is not proper.

I also agree with the appellant's contention that the writ of garnishment was null and void for failure to include the allegations and interrogatories. In *DeSoto, Inc.* v. *Crow*, 257 Ark. 882, 520 S.W.2d 307 (1975), we held that for a writ of garnishment to be valid it must give notice that failure to answer could result in a judgment against the garnishee. This was pursuant to Ark. Stat. Ann. § 29-107 (Repl. 1962). I would, therefore, reverse the trial court and dismiss the suit as to the appellant.