Elmer FERGUSON and Ethel FERGUSON *v.*
CITY OF MOUNTAIN PINE, Arkansas

82-255                                          647 S.W.2d 460

Supreme Court of Arkansas
Opinion delivered March 14, 1983

*Q. Byrum Hurst, Jr.,* for appellants.

*David M. Love,* for appellee.

ROBERT H. DUDLEY, Justice. In 1977 the City of Mountain Pine adopted a comprehensive zoning ordinance. A tract of appellants' land was zoned C-1 which is defined in

the ordinance as an area of intensive commercial use and the retail core of the city. The description of permitted uses for the classification does not include mobile homes. Appellants operate a laundromat, a grocery store, a drive-in restaurant and a filling station on the land. They submitted requests for a variance to the zoning committee and the city council so that they could place a mobile home on the property for use as a residence with one room to be used as an office. The requests were denied but, even so, appellants moved a mobile home onto the property.

The City of Mountain Pine brought this action against appellants seeking a mandatory injunction to compel removal of the mobile home on the basis that it is an incompatible use of a district zoned C-1. It is from an order of the trial court granting the injunction that appellants bring this appeal. Jurisdiction is in this Court pursuant to Rules 29 (1) (a), (c) and (f). We affirm.

Appellants first argue that the mobile home is incidental and accessory to commercial uses. The ordinance defines an accessory use as "A use which is customarily incidental to the principal use, as a garage for the storage of an automobile by occupant of a residence." Although appellants argue that their use of the trailer as a residence and office is accessory to the business they operate, they offered no proof at trial that this use is customary or even that it is not unique or rare. *See e.g., County of Lake* v. *LaSalle National Bank,* 76 Ill. App. 3d 179, 395 N.E.2d 392 (1970). Therefore, the findings of the chancellor are not clearly against the preponderance of the evidence, and we affirm on this point. ARCP Rule 52; *City of Little Rock* v. *Breeding,* 273 Ark. 437, 619 S.W.2d 664 (1981).

Second, appellants argue that the ordinance in question is unreasonable and unconstitutional as applied to their property. They rely on *City of Little Rock* v. *Hunter,* 216 Ark. 916, 228 S.W.2d 58 (1950), for the proposition that "as to particular lots, a court may declare a zoning ordinance void upon a proper showing that its application is arbitrary, unreasonable and discriminatory." At trial, not only did appellants fail to offer any proof as to the unreasonableness

of the ordinance but they admitted that the city council did not act in an arbitrary and capricious manner in denying their request for a variance. We have consistently held that we will not consider issues raised for the first time on appeal. *See, e.g., Sun Gas Liquids Co. v. Helena National Bank,* 276 Ark. 173, 633 S.W.2d 38 (1982). Therefore we do not reach appellants' second point.

The chancellor specifically found that under the terms of the zoning ordinance appellants' property is zoned for commercial purposes, no mobile homes are permitted and the city council did not act arbitrarily in refusing to grant a variance to appellants.

Appellants argue that the chancellor's interpretation of the zoning ordinance as excluding a mobile home on their property was erroneous and unreasonable. The argument, as it is made, assumes that the ordinance is not an exclusive zoning ordinance. That is, it assumed that zoned districts are not established solely for named uses, or groups of uses, to the exclusion of all others. In addition, it assumes that the ordinance is a cumulative zoning ordinance. Such an ordinance establishes a hierarchy of use districts. The single family dwelling is the highest use of the land and industrial or unrestricted is the lowest. *See* 2 R. Anderson, *American Law of Zoning,* §§ 9.14, 9.15 (2d ed. 1976). According to appellants' argument the higher permitted uses, such as residential, are allowable as a matter of law in lower use areas, such as commercial, unless specifically prohibited. Appellants contend that since residences are not specifically prohibited from the lower use commercial district, they, as a matter of right, can use the commercial zone for residential use. The argument is fallacious. We do. not need to decide whether the ordinance is exclusive or cumulative for the result is the same. Clearly, if the ordinance is exclusive, the zoned district is for business use to the exclusion of residential use. The same result is reached even if we assume the ordinance is cumulative and higher uses are allowable in lower use areas under some circumstances. *See Katobimar Realty Co. v. Webster,* 20 N.J. 114, 118 A.2d 824 (1955). This is because "[T]here is no rule of law, statutory or constitutional, which ordains that any use has an exalted position in

a zoning scheme entitling it to move everywhere as a matter of right. *Kozesnik* v. *Montgomery Township*, 24 N.J. 154, 131 A.2d 1, 9 (1957). Thus, the higher use is not allowable in the lower use area as a matter of right. The question in every case is one of reasonableness under the circumstances. *Kozesnik*, 131 A.2d at 9; *Lamb* v. *City of Monroe*, 358 Mich. 136, 99 N.W.2d 566 (1959). The appellants did not demonstrate that the action of the city was unreasonable in refusing to allow the use of a mobile home as a residence in the core of the central business district. The interpretation of the ordinance by the chancellor was not erroneous.

Affirmed.