Fabian L. TOMPOS, Jimmy BOYER, Tina HORNBACK,
John T. JUSTICE II, Carlon BASSETT and Roger
EATON *v.* CITY OF FAYETTEVILLE, Arkansas,
FAYETTEVILLE CITY BOARD OF DIRECTORS, and
Bob JONES, Fayetteville Police Chief

83-105                                    658 S.W.2d 404

Supreme Court of Arkansas
Opinion delivered October 17, 1983

*Murphy & Carlisle,* by: *Marshall N. Carlisle,* for appellants.

*James N. McCord,* City Atty., for appellees.

ROBERT H. DUDLEY, Justice. The Board of Directors of the City of Fayetteville enacted an ordinance prohibiting private clubs from serving or allowing consumption of mixed drinks between 2:00 a.m. and 10:00 a.m. The ordinance provides for a fine of up to $500.00 and multiple violations can result in suspension of the club's license issued by the city. Appellants filed a petition for declaratory judgment asking that the ordinance be declared invalid. On cross-motions for summary judgment the chancellor upheld

the validity of the ordinance. We affirm. Jurisdiction is in this court pursuant to Rule 29 (1) (c).

First it is argued that the ordinance is contrary to Ark. Stat. Ann. § 48-203 (h) (Repl. 1977). That statute authorizes the Commissioner of Revenues to fix the hours for the sale of intoxicating liquors. The ordinance at issue is not concerned with retail sales but with consumption on the premises of private clubs. On-premise consumption at private clubs is governed by Ark. Stat. Ann. § 48-1401, et seq. (Repl. 1977 and Supp. 1983). Appellants similarly contend that the penalty provision of the ordinance is in conflict with Ark. Stat. Ann. § 48-901 (Repl. 1977) which provides penalties for the unlawful sale of intoxicants. There is no conflict because the statute describing on-premise consumption at private clubs specifically provides that consumption at a private club is not a sale:

> In order to clarify the alcoholic beverage control laws of this State, and to regulate and prohibit the sale of alcoholic beverages in violation of the provisions of this Act [§§ 48-1401 — 48-1418] and other applicable alcoholic beverage control laws of this State, the General Assembly hereby determines that the preparation, mixing and serving of such mixed drinks, beer and wine for consumption only on the premises of a private club as defined in Section 2 (j) [subsection j of § 48-1402] hereof by the members thereof and their guests, *and the making of a charge for such services shall not be deemed to be a sale or be in violation of any law of this State prohibiting the manufacture, sale, barter, loan or giving away of intoxicating liquor whenever.* [Emphasis added.] Ark. Stat. Ann. § 48-1410 (a) (Repl. 1977).

Appellants next argue the ordinance is contrary to the provisions of Ark. Stat. Ann. § 48-1412 (Repl. 1977). This statute provides the Alcoholic Beverage Control Board with the authority to adopt and enforce reasonable rules and regulations concerning the qualification for permits and the operation of licensed premises. The statute further provides, "Nothing in this Act, however, shall be construed as

limiting the power of other proper state or local governmental bodies to regulate the operation of establishments under this Act as may be necessary for the protection of the public health, welfare, safety, and morals." Specific operating hours for private clubs have never been adopted, either by statute or by regulation. Appellants reason the failure of the Board to adopt closing regulations effectively gives private clubs the right to remain open and serve or permit consumption of alcohol twenty-four hours a day and, consequently, the ordinance is in conflict with the Board's regulatory authority. The authority is unexercised; it is not in conflict. The ordinance is not contrary to the general law of the state.

Appellants also contend the city was without power to enact the ordinance, citing *Yancey* v. *City of Searcy*, 213 Ark. 673, 212 S.W.2d 546 (1948):

> . . . a municipal corporation possesses and can exercise the following powers and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation — not simply convenient, but indispensable.

Our cases setting out this restrictive view of municipal power, called Dillon's Rule, were decided before the passage of the Home Rule Act, Ark. Stat. Ann. §§ 19-1042 — 19-1046 (Repl. 1980 and Supp. 1983). The Home Rule Act defines alcoholic beverages to be a "state affair" and authorizes any city of the first class to "exercise any function or legislative power upon . . . state affairs if not in conflict with state law." Ark. Stat. Ann. § 19-1043 (Supp. 1983). Based upon the Home Rule Act, a city is empowered to enact an ordinance dealing with state affairs so long as the ordinances avoid conflict with state law.

Appellants also contend the state has preempted this field and the ordinance is thus a nullity. The legislature has not preempted the subject, as Ark. Stat. Ann. § 48-1412 (Repl. 1977) provides that nothing therein shall be con-

strued to limit the power of local governmental bodies to regulate the operation of private clubs. The legislature appears to invite, rather than preempt, city legislation in this field.

Appellants contend that the penalty provisions of the ordinance are contrary to the general laws of the state since the ordinance provides for fines and suspension of a club's license issued by the city. The fines are for violations of the ordinance and the subject matter of that ordinance is not in conflict with the general law. Fines for violation of such ordinances are provided in Ark. Stat. Ann. § 19-2409 (Repl. 1980) and are not contra to the general laws. We do not reach the issue of whether the provision for suspension of the city license is valid because it was not raised below. *See Ferguson* v. *City of Mountain Pine,* 278 Ark. 575, 647 S.W.2d 460 (1983).

Appellants argue that the ordinance constitutes an impermissible exercise of the police power. The ordinance recites that "the consumption of alcoholic beverages by patrons of private clubs into the early morning hours increases the likelihood of disturbances and motor vehicle accidents." No evidence was presented which even tends to indicate that the ordinance was passed for any other reason.

Last, appellants contend that the ordinance violates the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Even assuming that private clubs in Fayetteville are formed for the purpose of expressing views relating to self-government, the mere prohibition of the serving of alcohol during the early morning hours violated neither the freedom to associate nor the freedom of expression.

Affirmed.