## HOWARD'S CLEANERS *v.* Ron MUNSEY, et ux.

86-6                                        708 S.W.2d 628

Supreme Court of Arkansas
Opinion delivered May 5, 1986

*Shelby R. Blackmon*, for appellant.

*Friday, Eldredge & Clark*, by: *William H. Sutton* and *William A. Waddell, Jr.*, for appellee.

STEELE HAYS, Justice. In this action to recover damages for drapes which shrank during cleaning, Mrs. Rita Munsey testified that after consulting several cleaning firms she gave three sets of drapes to Howard's Cleaners to be cleaned. Two sets of drapes were cleaned satisfactorily, but one set shrank some four or five inches and Howard's efforts to correct the problem were not successful.

The Munseys filed suit and in a bench trial the circuit court awarded judgment in the sum of $2,120.60. Howard's has appealed on the premise that it was error for the trial judge to find Howard's liable when the cause of the damage was due to a hidden or latent defect in the material known only to Mrs. Munsey.

The short answer to Howard's argument is we find no testimony whatever that Mrs. Munsey was aware of anything about the drapes bearing on their ability to withstand cleaning nor, for that matter, any proof that the shrinkage was due to a

latent defect. There was testimony that drapery material that had not been preshrunk ·was liable to shrink and, according to Howard's witnesses, Mrs. Munsey was warned of that possibility. However, Mrs. Munsey testified that she was not asked whether the drapes were preshrunk and could not have answered if she had been asked, because she simply did not know. She denied categorically that she was told the drapes might shrink. The trial court obviously accepted her testimony on this disputed issue and that finding could not be said to be clearly against the preponderance of the evidence. ARCP Rule 52. *Taylor* v. *Richardson*, 266 Ark. 447, 585 S.W.2d 934 (1979).

Although not offered as a point of error on appeal, Howard's argument asserts there was no proof that Howard's was negligent in cleaning the drapes. We addressed this issue in *Howard's Laundry and Cleaners* v. *Brown*, 266 Ark. 460, 585 S.W.2d 944 (1979), a case bearing particular resemblance to this case, and noted the general rule of bailments that where a bailee returns goods in a damaged condition which were not so damaged when received, an inference of negligence applies. The bailee may then go forward with proof that he exercised ordinary care in handling the bailed goods. That point not having been developed in the briefs, nor any objection before the trial court appearing in the abstract, we will not go to the record to seek the answer. *Ferguson* v. *City of Mountain Pine*, 278 Ark. 575, 647 S.W.2d 460 (1983).

The judgment is affirmed.

PURTLE, J., not participating.