Mr. Robert S. Moore, Jr. Director Alcoholic Beverage Control Division Seventh Wolfe Streets P. O. Box C-500 Little Rock, Arkansas 72203
Dear Mr. Moore:
This letter is in response to your request for an opinion on the following question:
 Can the City of Fayetteville, by Ordinance, prohibit the sale of beer in a grocery store or convenience store?
In the case of Tompos v. City of Fayetteville, 280 Ark. 435,658 S.W.2d 404 (1983), the Supreme Court of Arkansas noted that the Home Rule Act, Ark. Stat. Ann. 19-1042 — 19-1046 (Repl. 1980 and Supp. 1985), defines alcoholic beverages to be a "state affair" and authorizes any city of the first class to "exercise any function or legislative power upon . . . state affairs if not in conflict with state law." 19-1043 (Supp. 1985). The Court held that, "Based upon the Home Rule Act, a city is empowered to enact an ordinance dealing with state affairs so long as the ordinances avoid conflict with state law."
The sale of beer at retail is controlled by Ark. Stat. Ann. 48-528 (Supp. 1985). An ordinance that would prohibit the sale of beer in a grocery store or convenience store would conflict with controlling state law, in that such an ordinance would usurp the power of the state to determine who may be issued a license to sell beer. The City of Fayetteville, therefore, does not have the power to prohibit the sale of beer in a grocery store or convenience store. It should be noted that 48-528 (Supp. 1985) does provide that a public hearing shall be held following a city's protest against issuance of a permit. However, the state's authority is confirmed by the fact that a final order is issued by the Director of Alcoholic Beverage Control or the Commission.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Robert A. Ginnaven, III.