The Honorable Joyce Williams Warren Chancery Judge 3291 West Roosevelt Road Little Rock, Arkansas 72204
Dear Judge Warren:
This is in response to your request for an opinion on whether the cases of juveniles violating city ordinances should be adjudicated in municipal court or in juvenile court. Specifically, you note that a total of 46 juveniles were given citations recently for loitering in a city park after hours.
The juvenile court has original and exclusive jurisdiction over all proceedings in which a juvenile is alleged to be delinquent. A.C.A. § 9-27-306(a).[1] You note that the definition of a "delinquent juvenile" in the Juvenile Code is found at A.C.A. §9-27-303(11), and provides as follows:
 (11) `Delinquent juvenile' means any juvenile ten (10) years or older who has committed an act other than a traffic offense or game and fish violation which, if such act had been committed by an adult, would subject such adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state.
For the reasons that follow, it is my opinion that cases of juveniles violating city ordinances should be adjudicated in juvenile court.
The crucial determination is whether a violation of a city ordinance is a violation of the "applicable criminal laws of this state." At first blush, it would appear that this language would not include a city ordinance, as these are enacted by a city, as opposed to being a part of the criminal laws of "this state." Further analysis, however, leads to a different result.
The state criminal code, at A.C.A. § 5-1-108, provides that "an offense is a violation if it is so designated by this code or by a statute not a part of this code." A "statute" is defined in the criminal code as "includ[ing] the Constitution and any statute of this state, any ordinance of a political subdivision of this state, and any rule or regulation lawfully adopted by an agency of this state." A.C.A. § 5-1-102(20). Thus, the definition of a "violation" under the state criminal code includes violations of city ordinances.
Additionally, A.C.A. § 14-55-501 provides that:
 The town or city council in all cities or incorporated towns in this state are authorized and empowered to prohibit and punish any act, matter, or thing which the laws of this state make a misdemeanor.
Cities may punish and prohibit acts, (i.e., make them violations of city ordinances), if these acts are already declared misdemeanors under state law.[2] Loitering, for example, is declared a misdemeanor at A.C.A. § 5-71-213. Additionally, since the adoption of the "Home Rule Act," cities apparently have some authority to prohibit and punish acts which are not punishable by state law. See, e.g., A.C.A. §§ 14-43-601, -602 and -603;Tompos v. City of Fayetteville, 280 Ark. 435, 658 S.W.2d 404
(1983); and Pursley v. City of Fayetteville, 628 F.Supp. 676
(W.D. Ark. 1986). It appears, however, that even these offenses are "violations" under the Criminal Code, (see A.C.A. § 5-1-108supra), and thus are violations "under the applicable criminal laws of this state."
At least one court, in an analogous case, has found this factor determinative. In Cauble v. City of Asheville, 301 N.C. 340, 271 S.W.2d 258 (1980), at issue was the collection by the city of fines for violation of its overtime parking ordinance. The State of North Carolina had a constitutional provision which stated that:
 . . . the clear proceeds of all penalties and forfeitures and of all fines collected in the several counties for any breach of the penal laws of the State, shall belong to and remain in the several counties, and shall be . . . used exclusively for maintaining free public schools. [Emphasis added.]
Id. at 259.
The question was whether the fines for violations of the city's overtime parking ordinance should go to the county under this provision, or whether they were merely civil penalties which the city could retain.
The court noted a state statute which provided that all violations of city ordinances were punishable as misdemeanors under state law. The court found determinative the fact that a person who violates the overtime parking ordinance also breached a penal law of the state. Id. Similarly, under the facts you have presented, a person violating a city ordinance against loitering, (an offense also punishable under state law), ipsofacto subjects himself to prosecution under the criminal laws of the state.
Reference again to the relevant Arkansas statute is helpful. "Delinquent juveniles" under the Juvenile Code are persons over the age of ten who commit acts which if committed by an adult would subject the adult to prosecution for a felony, misdemeanor, or violation under the criminal laws of the state. As we have seen, a person committing a violation of a city ordinance has, in many instances, such as loitering, also subjected himself to prosecution for a misdemeanor under state law. Even if the offense is not also punishable by state law, the definition of a "violation" under the Criminal Code includes violations of city ordinances.
It is therefore my opinion, based upon all of the foregoing, that the violation of a city ordinance is a violation of the "applicable criminal laws of this state," and that such cases, when they involve juveniles, should thus be adjudicated in juvenile court. Of course, these cases will not include traffic related offenses, as in Cauble, or game and fish violations because these offenses are specifically excluded from the definition of "delinquent juvenile."
You have asked a further question, assuming that jurisdiction lies in juvenile court. You note that in municipal court a fine is the only penalty imposed and public defenders are not required to be appointed for indigent defendants. A separate provision of the Juvenile Code, however, (A.C.A. § 9-27-316), provides that all juveniles brought before juvenile court must be provided counsel, if financially unable to obtain counsel. You request my opinion as to whether this provision is applicable in city ordinance violation cases.
The relevant provision states that:
 In delinquency and families in need of services cases, a juvenile and his parent, guardian, or custodian shall be advised by the law enforcement official taking a juvenile into custody, by the intake officer at the initial intake interview, and by the court at the juvenile's first appearance before the court that the juvenile has the right to be represented at all stages of the proceedings by counsel.
If the case before the juvenile court is a "delinquency case," then it is my opinion that the statute requires that the juvenile be afforded counsel, unless the right is waived as provided by statute. We can find no exception in this regard for juveniles violating city ordinances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Of course the prosecuting attorney (who, under the Juvenile Code, is defined as including the city attorney), has the discretion in some instances (i.e., felonies) to file charges in circuit court. A.C.A. § 9-27-318. Transfer to circuit court is not available, however, if the juvenile is under the age of eighteen, and the act is not a felony. A.C.A. § 9-27-318(a)(2).
[2] There are certain limitations, however, upon the penalties which may be imposed. See, e.g., A.C.A. § 14-55-502.