The Honorable Pat Kelley Representative, District 48 State Capitol Building, room 116-4 Jefferson City, Missouri 65101
Dear Representative Kelley:
This opinion is in response to your questions asking:
 (1) In your opinion, does Kansas City have the authority to levy the Convention and Tourism tax on taverns which only sell alcoholic beverages?
 (2) If "yes" to the first question, then since the City has not levied this tax on taverns before, can the City levy this tax without any change in statute by the state?
Your questions refer to the tax authorized in Sections 92.325 to 92.340, RSMo Supp. 1991, which were enacted by House Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 295 and 312, 85th General Assembly, First Regular Session (1989). Section 92.327 provides in part:
 92.327. Convention and tourism tax, submitted to voters — rate of tax, deposit in convention tourism fund, purpose. — 1. Any city may submit a proposition to the voters of such city:
* * *
 (2) A tax not to exceed one and three-fourths percent of the gross receipts derived from the retail sales of food by every person operating a food establishment.
 2. Such taxes shall be known as the "convention and tourism tax" and when collected shall be deposited by the city treasurer in a separate fund to be known as the "Convention and Tourism Fund." The governing body of the city shall appropriate from the convention and tourism fund as provided in sections 92.325 to 92.340.
Section 92.325, RSMo Supp. 1991, provides the following definitions:
 92.325. Definitions. — As used in section 92.325 to 92.340, the following terms mean:
 (1) "City", a constitutional charter city located in four or more counties;
 (2) "Food", all articles commonly used for food or drink, including alcoholic beverages, the provisions of chapter 311, RSMo, notwithstanding;
 (3) "Food establishment", any cafe, cafeteria, lunchroom or restaurant which sells food at retail;
* * *
 (5) "Gross receipts", the gross receipts from retail sales of food prepared on the premises and delivered to the purchaser (excluding sales tax);
* * *
Section 92.329, RSMo Supp. 1991, authorizes the governing body of a city, as defined in Section 92.325, to submit to the voters a proposal to authorize the city to impose the convention and tourism tax. Under Section 92.322, RSMo Supp. 1991, if a majority of the qualified voters voting on such proposition approve the proposition, the ordinance imposing such tax is effective. We understand that the City of Kansas City adopted an ordinance imposing the tax, and the tax was approved by the voters on February 6, 1990.
The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. Wolff Shoe Companyv. Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988).
Section 92.327.1(2) provides for the tax about which you are concerned to be imposed on the gross receipts derived from the retail sales of food by every person operating a "food establishment." Section 92.325(3) defines a "food establishment" as "any cafe, cafeteria, lunchroom or restaurant which sells food at retail." When statutes enumerate the things or subjects on which they are to operate, they are construed as excluding from their effect all subjects and things not expressly mentioned. DePoortere v. Commercial CreditCorporation, 500 S.W.2d 724, 727 (Mo.App. 1973); MissouriBoard of Registration for the Healing Arts v. Levine,808 S.W.2d 440, 443 (Mo.App. 1991).
The word "tavern" is not included in the definition of a "food establishment." Section 92.325 does not define the words "cafe", "cafeteria", "lunchroom" or "restaurant". The plain and ordinary meaning of these words must be considered.
In City of Flordell Hills v. Hardekopf, 271 S.W.2d 256
(St.L. App. 1954), the court discussed the meaning of the word restaurant:
 A restaurant, according to common understanding, is a public eating place where, as the chief incident to the business carried on, food and drink are prepared and served to be consumed on the premises. In its original conception the term implied a place where meals were served, but in the light of modern usage it would seem that the scope of operations, if otherwise conforming to the proper tests, would not require the serving of actual meals in order to constitute the place a restaurant. However the necessity for the serving of food and drink contemplates food and drink in the usual and ordinary sense; and a place which operates merely for the sale of such commodities as ice cream and soft drinks would not be regarded as a restaurant.
Id. 271 S.W.2d at 258.
According to common understanding, a tavern which sells only alcoholic beverages is not a cafe, cafeteria, lunchroom or restaurant. While a tavern which sells only alcoholic beverages does sell "food" as defined in Section 92.325(2), a tavern is not a "food establishment" as defined in Section 92.325(3) since it is not a cafe, cafeteria, lunchroom or restaurant. Therefore, we conclude the City of Kansas City is not authorized by Sections 92.325 to 92.340, RSMo Supp. 1991, to impose the convention and tourism tax on taverns which only sell alcoholic beverages.
Because of our answer to your first question, we do not address your second question.
CONCLUSION
It is the opinion of this office that Sections 92.325 to92.340, RSMo Supp. 1991, do not authorize the City of Kansas City to impose the convention and tourism tax on taverns which sell only alcoholic beverages.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General