The Honorable Bobby G. Wood State Representative 2806 Harrisburg Road Jonesboro, AR 72401-8789
Dear Representative Wood:
This is in response to your request for an opinion regarding the authority of a municipality to promulgate and enforce a ban on smoking in eating establishments located within the corporate limits of the municipality.
It is my opinion that resolution of this question may ultimately require resort to the courts, as the legislature has not clearly expressed its intent with respect to the exercise of municipal legislative authority in this area. Arkansas Code Annotated § Section 20-27-701 (Repl. 1991) addresses public smoking and declares it to be "the public policy of the State of Arkansas that the rights of nonsmokers be protected in the manner provided in this subchapter." Section 20-27-703 (Repl. 1991) then provides:
 (a) Smoking of tobacco or products containing tobacco in any form in a doctor's or dentist's waiting room, in hospital corridors, nurses' stations in hospitals and clinics, and in all hospital rooms, except private patient rooms in this state, and on school buses is prohibited.
 (b) The provisions of this subchapter shall not prohibit smoking in any of the aforementioned areas if the smoking is assigned to areas designated as smoking areas.
 (c) The provisions of this subchapter shall not apply to hotels, motels, and restaurants.
The initial question arises whether the legislature intended to preempt municipal legislation in this field. Sections 20-27-701 through -703 admittedly manifest a statewide concern in the matter of public smoking.See generally City of Ft. Smith v. Ft. Smith Housing Auth.,256 Ark. 254, 258-259, 506 S.W.2d 534 (1974) (holding that the Housing Authority "clearly manifests a statewide rather than a municipal concern" and that a Housing Authority is not a municipal affair). The legislature has declared a public policy in the matter of protecting the rights of nonsmokers (§ 20-27-701), and has then set forth regulations with respect to certain locations. (§§ 20-27-702 and -703). See also A.C.A. § 20-78-217
(Repl. 1991) (banning smoking in state-licensed day care centers). The statement in § 20-27-701(b), supra, that the rights of nonsmokers shall be protected "in the manner provided in this subchapter" might be cited for the proposition that the state intended to preempt the field. Clearly, however, Sections 20-27-701 through -703 do not reflect a comprehensive scheme of protection. Rather, one could counter, the legislature has chosen to address these particular sites only, leaving open the possibility of local regulation in other areas or locations within the city.[1]
While a strong argument against preemption therefore exists, a determination must also be made as to whether a municipal ban on smoking in eating establishments within the city is contrary to state law. In accordance with A.C.A. § 14-43-601(a)(1)(J) (1987), "[m]atters coming within the police power of the state including minimum public health . . . standards" fall within those matters designated as "state affairs." This would encompass the smoking regulations in §§ 20-27-701 through -703. As such, any exercise of municipal legislative power in the matter must be consistent with these Code sections. See A.C.A. § 14-43-601(a)(1) ("[s]tate affairs [are] subject to the general laws of the State of Arkansas[;]") and (a)(2) ("[t]he municipality may exercise any function or legislative power upon the foregoing state affairs if not in conflictwith state law.") (Emphasis added.) See also generally Tompos v. City ofFayetteville, 280 Ark. 435, 438, 658 S.W.2d 404 (1983) (noting that "a city is empowered to enact an ordinance dealing with state affairs so long as the ordinances avoid conflict with state law.")
It might be contended in this regard that a municipal ban on smoking in eating establishments is contrary to § 20-27-703(c), which excludes "hotels, motels, and restaurants" from the provisions of §§ 20-27-701
through -703. The argument would likely focus on this exclusion as evidence that the state has decided not to include restaurants within the minimum public health standards; and as such, a municipal ban on smoking in eating establishments would be in conflict with state law.
While this argument has some merit, the expression of legislative intent under § 20-27-703(c), supra, is by no means clear. The exclusion of "hotels, motels, and restaurants" could be viewed as an effort to clarify the reach of § 20-27-703(a), which focuses primarily on physician's offices, hospitals and clinics. Following that interpretation, the proposed municipal ban would not be in conflict because the state has simply determined not to extend the provisions to hotels, motels, and restaurants. State authority in these areas is, therefore, under that interpretation, unexercised. See generally Tompos, supra.
It is apparent that legislative clarification or judicial review of this question is indicated. While I am therefore unable to conclusively resolve the matter, the foregoing offers guidance in addressing the underlying issues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] This office has previously concluded that a municipality could enact restrictions involving smoking on city-owned property. See Op. Att'y Gen. 93-193.