Cite as 2019 Ark. App. 608

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-19-13

| | |
|---|---|
| ARKANSAS DEPARTMENT OF HUMAN SERVICES, OFFICE OF LONG TERM CARE | **Opinion Delivered:** December 11, 2019 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. 60CV-18-717] |
| V. | |
| PHOEBE EGBOSIMBA | HONORABLE WENDELL GRIFFEN, JUDGE |
| APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Arkansas Department of Humans Services, Office of Long Term Care ("OLTC") appeals the grant of a default judgment in favor of appellee Phoebe Egbosimba. We affirm.

Following a hearing on a complaint regarding Egbosimba's treatment of a patient, OLTC issued a decision placing Egbosimba, a licensed practical nurse, on the Adult and Long-term Care Facility Resident Maltreatment Registry. Pursuant to the Arkansas Administrative Procedure Act,[1] on February 5, 2018, Egbosimba filed in the Pulaski County Circuit Court a "Petition for Administrative Appeal" of OLTC's decision to place her on the maltreatment registry. On September 18, Egbosimba filed a letter motion and brief in

---

[1]Ark. Code Ann. § 25–15–212 (Repl. 2014).

support of the motion requesting the circuit court to enter a default judgment against OLTC. Egbosimba's motion stated that despite having been served, OLTC failed to answer and failed to file the record as required under Arkansas Code Annotated section 25-15-212(d)(1). On September 20, the circuit court entered default judgment against OLTC and reversed the agency's decision to place Egbosimba on the maltreatment registry. OLTC now appeals.

OLTC asserts (1) service of the petition on OLTC was invalid, (2) dismissal of the action was mandatory due to lack of proper and timely service, and (3) a default judgment was not an appropriate remedy for an appeal from an administrative proceeding.

Rule 55 of the Arkansas Rules of Civil Procedure governs default judgments. Subsection (c) provides the means for setting aside default judgments:

> The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Here, OLTC failed to file a motion to set aside the default judgment, which would have been the proper recourse. In fact, OLTC did not answer, file the record, or otherwise respond to the action in any way prior to filing the notice of appeal in this case. Because OLTC did nothing in the circuit court, i.e., did not contest service or oppose the default judgment below, the issues on which OLTC appeals are not preserved for our review. We

are a reviewing court, not a fact-finding court. Therefore we are precluded from reaching the merits of the arguments that OLTC brings for the first time on appeal.[2]

Affirmed.

WHITEAKER and HIXSON, JJ., agree.

*Suba Desikan* and *Richard Rosen*, Office of Chief Counsel, for appellant.

*John Wesley Hall* and *Sarah M. Pourhosseini*, for appellee.

---

[2]*Sun Gas Liquids Co. v. Helena Nat'l Bank*, 276 Ark 173, 633 S.W.2d 38 (1982) (holding that appellate court will not consider issues raised for the first time on appeal, even those contesting the validity of service).