Cite as 2020 Ark. App. 288

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-20-4

SARA SCHWEITZER

APPELLANT

V.

ARKANSAS DEPARTMENT OF
HUMAN SERVICES AND MINOR
CHILD

APPELLEES

**Opinion Delivered:** May 6, 2020

APPEAL FROM THE SEBASTIAN
COUNTY CIRCUIT COURT, FORT
SMITH DISTRICT
[NO. 66FJV-18-194]

HONORABLE ANNIE HENDRICKS,
JUDGE

AFFIRMED

**PHILLIP T. WHITEAKER, Judge**

The Sebastian County Circuit Court terminated the parental rights of appellant Sara

Schweitzer to her daughter, R.B. Sara appeals but does not challenge the merits of the

court's termination decision. Instead, she argues that the matter should be remanded for a

determination of whether the circuit court accepted her voluntary consent to the adoption

of R.B. by the child's maternal grandparents. We affirm.

I. *Procedural Background*

Because Sara does not challenge the merits of the circuit court's termination decision,

we provide an abbreviated procedural history of the dependency-neglect aspect of this case.

Sara gave birth to R.B. on April 8, 2018, at which time R.B. tested positive for

methamphetamine. Sara also tested positive for methamphetamine and admitted using meth

within the week before R.B.'s birth. As a result, the Arkansas Department of Human

Services (DHS) exercised a seventy-two-hour hold on R.B. and filed a petition for emergency custody and dependency-neglect.

Throughout the dependency-neglect action, the circuit court repeatedly found Sara unfit primarily because of her substance abuse. Despite the offer of services by DHS, the court determined that R.B. could not safely be returned to Sara's custody for numerous reasons, including her criminal activity,[1] her lack of stable housing and transportation, her ongoing struggle with substance abuse, and her failure to comply with the case plan. Because of her persistent failure to comply, the circuit court ultimately changed the goal of the case to adoption. DHS subsequently filed a petition for termination of Sara's parental rights, alleging three statutory grounds. After a hearing, the circuit court granted the petition, finding that DHS had proved all three grounds. The court additionally found that R.B. is "very adoptable" and that she would be subject to potential harm if returned to Sara's custody. The court therefore found that termination of Sara's parental rights was in R.B.'s best interest.

II.  *Background Pertinent to Issue on Appeal*

As noted above, Sara's argument on appeal is that the circuit court erred with regard to her purported voluntary consent to the adoption of R.B. by the child's maternal grandparents. We therefore here present additional facts associated with her sole point raised on appeal.

---

[1]While the dependency-neglect action was ongoing, Sara was arrested for possession of drug paraphernalia.

Sara is the daughter of Sabrina and William Schweitzer. When DHS removed R.B. from Sara's custody, it temporarily placed R.B. in Sabrina and William's custody. R.B. was not in this placement very long, however. At the probable-cause hearing, Sara testified that William had repeatedly sexually abused her for years when she was a young girl. She further testified that she told Sabrina about the abuse, but Sabrina failed to protect her. As a result, she feared for R.B.'s safety if she were to be placed with Sabrina and William. Given this testimony, the circuit court ordered DHS to immediately remove R.B. from her placement with Sabrina and William.

After the probable-cause hearing, Sara filed an affidavit in which she recanted her previous sworn testimony. She stated that she had smoked methamphetamine before the probable-cause hearing and was impaired when she testified. She added that she lied about William's having molested her and that she made those statements because she was scared, confused, and afraid she would never see her child again. Sara said she would like R.B. to be placed with Sabrina and William.

Subsequent to the entry of the probable-cause order, Sabrina and William began to act on their own behalf. Prior to the adjudication hearing, they filed a motion to intervene in the case and a motion for custody or placement of R.B. with them pending final action by DHS. They also filed a verified petition for adoption, in conjunction with which Sara filed a waiver and consent to adoption.

At the adjudication hearing, the court acknowledged Sabrina and William's motion to intervene and petition for adoption, but it found that those matters were "not properly before the court today." Instead, the circuit court adjudicated R.B. dependent-neglected

3

because of Sara's parental unfitness and substance abuse. The adjudication order further noted that Sabrina and William had not been made parties to the case and prohibited disclosure of any information about the case to them. The court retained the goal of the case as reunification at that time, but it also established a concurrent goal of adoption because of Sara's lack of progress with her case plan.

In October, the court took up Sabrina and William's motion to intervene, motion for custody or placement, and petition for adoption. In an ensuing order, the court noted that counsel for the parties had met in chambers and addressed several confidential legal arguments and matters. Ultimately, however, the court concluded that "[t]he matters sought to be determined today by the proposed intervenors are not ripe and shall not be heard by the court on this day."

III. *Analysis*

On appeal, Sara asks this court to remand her case to the circuit court "to determine if the circuit court accepted [her] . . . consent for adoption and if her parental rights were voluntarily terminated at that time." We have determined in our review of the record on appeal that the circuit court never granted Sabrina and William's motion to intervene and never acted on their custody and placement request or their petition for adoption. We therefore conclude that Sara's argument is not preserved for appeal for the reasons set forth below.

Sara executed a consent to adoption pursuant to Arkansas Code Annotated section 9-9-220(b) (Repl. 2015). This statute provides that "[a]ll rights of a parent with reference to a child, including the right to receive notice of a hearing on a petition for adoption, may

4

be relinquished and the relationship of parent and child terminated by a writing, signed by an adult parent, subject to the court's approval." Sara argues that she is "a parent" as defined by the statute; that she signed and executed a written consent to adoption pursuant to the statute; and that she never attempted to withdraw her consent after execution. Thus, she contends she did everything she could do under the statute to voluntarily consent to R.B.'s adoption, and the only thing "missing" to fulfill the requirements of the statute was the court's approval. Therefore, she asks us to remand for a determination of whether her voluntary consent was valid.

We decline to acquiesce to Sara's request for two reasons. First, although Sara executed a written consent to her parents' adoption of R.B., her consent to the adoption was dependent on Sabrina and William's underlying petition for adoption, which was never addressed by the court. Second, Sara is asking this court for relief she never pursued in the circuit court. After she filed her consent to Sabrina and William's adoption petition, she never raised the issue of her consent to the court. As DHS points out, it filed a petition to involuntarily terminate her parental rights, but Sara never filed an answer to the termination petition alleging that she had previously voluntarily consented to R.B.'s adoption. She did not ask at any point during the termination hearing that the circuit court consider and approve her consent to adoption. In short, she is presenting this request to our court for the first time on appeal. We have consistently held, however, that we "will not reverse a [circuit] court for failing to do what it was never asked to do." *McLaughlin v. State*, 2013 Ark. App. 26, at 3 (citing *Engram v. State*, 341 Ark. 196, 205, 15 S.W.3d 678, 683 (2000)); *see also Ark. Dep't of Human Servs. v. Egbosimba*, 2019 Ark. App. 608 (when appellant failed to seek any

5

relief in circuit court, court of appeals would not reach the merits of arguments raised for the first time on appeal); *Mixon v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 554, at 6, 590 S.W.3d 746, 749 ("We will not consider arguments made for the first time on appeal . . . because doing so deprives the circuit court of the opportunity to fully develop the issue.").

Accordingly, because Sara raises this issue for the first time on appeal, and because she does not challenge the grounds for the termination of her parental rights, we affirm the circuit court's order terminating her parental rights.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Jennifer Oyler Olson*, Arkansas Commission for Parent Counsel, for appellant.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Kimberly Boling Bibb*, attorney ad litem for minor child.